KNIPE *v.* HARRINGTON.

If a cause pending in Court, be referred to arbitration, the award must not only be made, but must also be returned to the Court, within the time limited by the terms of the reference, or it will be of no validity.

APPEAL from the *Wayne* Circuit Court.—*Harrington* sued *Knipe* in an action of covenant. Whilst the suit was pending, the parties agreed to refer it to arbitration; and on the 17th of *August*, 1819, they respectively executed bonds of submission to abide by the award of arbitrators. According to the condition of the bonds, the award was to be made in writing, and returned to the Court at the *September* term next ensuing; and the submission was to be made a rule of Court. At the *September* term, which commenced on the second *Monday* in *September*, the cause was continued. At the *March* term, 1820, the award of the arbitrators in favour of the plaintiff below, dated the 4th of *September*, 1819, with the defendant's bond of submission, was filed by the plaintiff; and a rule was thereupon obtained by him, calling upon the defendant to show cause why the award should not be made the judgment of the Court.—At the *June* term, 1820, a judgment was rendered for the plaintiff below (defendant in error) upon the award.

*Thursday, August 3.*

BLACKFORD, J.—The award in this case, should have been returned to the Circuit Court, at the *September* term, 1819, which was the time limited for that purpose by the bonds of submission. No return was then made; nor does any consent appear to have been given for an enlargement of the time. This entire disregard of the subject at the proper time, prevents the party from deriving any benefit from the award subsequently returned (1).

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment on the award in this case is reversed, with costs. Cause remanded for further proceedings.

*Lane*, for the appellant.
*Test*, for the appellee.

(1) Vide *Mills* v. *Conner*, in this Court, ante, p. 7.