BYINGTON v. MISSISSIPPI & MISSOURI RAILROAD COMPANY.

1. ALLEGATION: CORPORATION.   In an action of tresspass against a railroad company it should be alleged in the petition that it is a corporation or co-partnership or that it acts as such.

Appeal from Johnson District Court.

WEDNESDAY, APRIL 17.

Byington, pro se.

Edmonds & Ransom for the appellee, cited Drake v. Board of Trustees of the Normal School at Oskaloosa, ante; Chit. Pl. 286; Lloyd v. Looring, 6 Ver. 773; Cooper Eq. Pl. 164; Stoddard v. Onandaga Annual Conference, 13 Barb.  S. C. R. 577; State v. Vermont Railroad Company, 28 Verm. 586; 6 Calf. 258.

WRIGHT, J.—The Railroad Company and others are sued for  a trespass upon plaintiff's lands.   There is no averment in the petition, nor does it in any way appear that the company is a firm or corporation, organized under the laws of this or any State.   Neither is it averred that it is acting as a corporation.   A demurrer to the petition by the company was sustained, which demurrer, among other causes, as-

signs that it is not shown that defendant is a corporation or partnership, or capacitated to be sued in this action.

The company is not a natural person, and the petition should in some.manner show that as an artificial person it can sue and be sued. This may be shown in language very general, and especially in a petition against a defendant sought to be thus charged. And it might be sufficient in an action *ex contractu*, that the contract itself recognized the corporation, or that the petition should allege that the contract was made with the' defendant as a corporation. But when as in this case, the action is trespass, and there is nothing whatever to show the capacity of the defendant to sue or be sued, a demurrer well lies for such defect. 12 Barb, 577; 1 Chit. Pl. 28.

Judgment affirmed.