## HARD v. THE CITY OF DECORAH.

1. **Pleading**: MUNICIPAL CORPORATIONS: JUDICIAL NOTICE. When a city or town is incorporated by special act, the courts will take judicial notice of its incorporation, but when it is incorporated under the general act, the fact of its corporate character must be pleaded and proved.

2. ———: EVIDENCE. In an action against a city incorporated under the general act, wherein the fact of incorporation was not pleaded, evidence to charge an authorized agent of the city with acts for which recovery was asked was held not admissible.

3. **Municipal Corporations**: ACT OF AGENT. A city will not be held liable for the acts of its officer, unless it is made to appear that the acts are within the scope of the officer's duty.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JUNE 8.

THE plaintiff filed her petition in the office of a justice of the peace, in substance alleging that the defendant with teams and hands entered upon the premises of plaintiff, and dug and carried away three hundred and twenty loads of gravel, for which defendant agreed to pay whatever it was reasonably worth, and that it was worth ten cents a load, amounting to $32.

The defendant answered, denying every allegation of the petition. The justice rendered judgment for the plaintiff.

The cause was appealed to the Circuit Court, where the plaintiff, without leave of court, filed an amendment to her original petition, as follows:

"That the defendant herein is a municipal corporation, duly organized under the laws of the state of Iowa, and at the time and times mentioned in plaintiff's original petition, was such corporation and duly acting as such."

On motion of defendant this amendment was stricken from the files, because filed without leave of the court. Plaintiff then asked leave to file said amendment, and leave was granted upon the condition of paying the costs at the time accrued. Plaintiff refused to file the amendment under the conditions imposed, and went to trial upon the petition originally filed.

There was a jury trial, and a verdict and judgment for plaintiff for $14.50. The judge trying the cause gave the proper certificate necessary for an appeal to this court. The defendant appeals. The further material facts appear in the opinion.

*Willett & Wellington,* for appellant.

The petition is defective for not alleging the corporate character of defendant, and no evidence having been introduced to establish the fact, the motion in arrest of judgment should have been sustained. (*Savings Bank of Decorah v. Horn,* 41 Iowa, 55.) Whenever the corporation is acting within the scope of its legitimate purposes, all parol contracts of its agents are express promises of the corporation. (*Drew v. Rector of St. Andrews,* 14 Johns., 118; *Davenport v. P. M. & F. Ins. Co.,* 17 Iowa, 276.) An unauthorized contract does not bind the corporation. (*Jones v. Lancaster,* 4 Pick., 149; *Loker v. Brookline,* 13 Pick., 343.) A corporation is not liable for the torts of its officers, unless the acts were expressly authorized or performed in good faith in pursuance of authority, or have been ratified by the corporation. (*Thayer v. Boston,* 19 Pick., 511; *Lee v. Sandy Hill,* 40 N. Y., 442; Dill. on Mun. Corp., 1st ed., § 770; *Thayer v. Boston,* 19 Pick., 516.)

*E. M. Farnsworth* and *Chas. P. Brown*, for appellant.

The court below was bound to take notice of the corporate character of defendant, and therefore it was not necessary to allege it. (*Goodwin v. Appleton*, 9 Shep., 453; *People v. Bruse*, 7 Cow., 429.) If the corporation elects persons as officers, who discharge duties relating to the corporate powers, and they are for the peculiar benefit of the corporation, they may be justly regarded as servants, and the maxim *respondeat superior* applies. (Dill. on Mun. Corp., § 772; *Walcott v. Swampscott*, 1 Allen, 101.) Any act done in good faith by an officer, in pursuance of his authority, will bind the corporation. (*Thayer v. Boston*, 19 Pick., 516; *Freeland v. Muscatine*, 9 Iowa, 461.)

DAY, J.—I. The first question presented by appellant is whether or not it is necessary to allege, and if properly denied, to prove, the corporate capacity of defendant. Upon the trial plaintiff offered to prove, by competent testimony, that defendant is a municipal corporation and a city of the second class, duly organized.

This testimony was objected to upon the ground that there is no allegation in the petition that the defendant is a corporation, municipal or otherwise, and the objection was sustained. In response to this objection, appellee suggests that the pleadings in the justice's court were oral. This position is not supported by the abstract. The abstract states that plaintiff filed her petition, and it sets forth a copy of what seems to be a formal written petition.

Appellee further insists that the court below was obliged to take judicial notice of the corporate capacity of defendant, and that it was not necessary to allege or prove that fact.

Where a town or city is incorporated by special act of the legislature, the statute partakes of the nature of a public act,
1. PLEADING: and courts take judicial notice of it. *People v.*
municipal
corporation: *Potter*, 35 Cal., 110; *Swails v. The State*, 4 Ind.,
judicial no-
tice.      516; *Vance v. The Farmers' & Mechanics' Bank*,
1 Blackf., 79; *State v. Mayor and Aldermen of Murfrees-*

*boro*, 11 Humph., 217; *Case v. Mayor of Mobile*, 30 Ala., 538; *West v. Blake*, 4 Blackford, 234; *Pull v. McDonald*, 7 Kansas, 426; *Beatty v. Knowles*, 4 Peters, 152.

No special act of the legislature incorporating the city of Decorah can be found. If it is an incorporation, it must have been incorporated, not by special statute, but under the general provisions of chapter 42 of the Code of 1851, or of chapter 51 of the Revision of 1860. These chapters prescribe the general mode for the incorporation of towns and cities; and they are public statutes, of which courts take judicial notice.

But the fact that a particular village or town has availed itself of the provisions of these statutes, and become incorporated as they authorize, is private in its character, and we know of no principle of law which would require or authorize the courts to take judicial notice of it.

The defendant, merely as an aggregation of individuals, without corporate capacity, cannot be sued. If the defendant has been incorporated, and thus has become subject to be sued, such fact should be averred by the party seeking to hold defendant liable for its acts.

A petition in trespass against a corporation, which does not show in any manner that defendant is a corporation or a partnership, or capacitated to sue and be sued, is bad on demurrer. *Byington v. M. & M. R. R. Co.*, 11 Iowa, 502. In this case, there being no allegation that defendant is an incorporation, proof of that fact was properly excluded.

If the existence of the corporation is properly alleged, as provided in section 2716 of the Code, a mere denial of the facts alleged will not cast upon plaintiff the burden of proving them. Code, section 2717.

But when the fact of incorporation is not averred, it cannot be answered, nor can it be taken judicial notice of, unless created by public statute.

II. Notwithstanding that the plaintiff did not allege, and was not permitted to prove, that defendant is a corporation, still the court permitted the plaintiff, against the objection of defendant, to prove that S. B. Erwin

2. ——:
evidence.

was street commissioner of defendant in 1874, and that in the fall of that year he came, with a large number of teams and men, and hauled from plaintiff's lots 290 loads of gravel; and that plaintiff had forbidden him to take the gravel, and told him that either he or the city must pay for it. We cannot see upon what principle this evidence was admitted, when it was not shown that the defendant could be legally responsible for the acts of the street commissioner, or of any one else.

III. The court instructed the jury as follows: "If you find that the plaintiff was the owner of the premises from 3. MUNICIPAL which the gravel was taken, and that it was taken corporations: act of agent. for the city of Decorah by its street commissioner, and used upon its streets, then the plaintiff is entitled to recover."

This instruction assumes that the defendant has a corporate capacity, and is subject to be sued. It further assumes that the act of the street commissioner, in taking the gravel, so pertained to his duties that the city is responsible therefor. We have not a *scintilla* of proof respecting the duties or powers of this street commissioner. If the recorder, or marshal, or one of the trustees had taken this gravel, it would not, probably, be claimed that the city would be liable for his act, unless it adopted or ratified the same. We cannot perceive upon what principle it can be assumed that the city is liable for this act of the street commissioner, without ratification or adoption, when nothing is known as to his powers or duties, and he may have been acting as much beyond the scope of his duties as would the marshal or recorder in doing a like act. The name implies that the street commissioner discharges some duty respecting streets, but what that duty is depends upon the charter and ordinances of the city. It cannot be claimed that a city is liable for the act of an official or an agent, unless the act is within the duties of his office or the general scope of his agency.

The judgment is reversed, and the cause is remanded.

REVERSED.