# THE STATE OF IOWA:

## DES MOINES, JUNE TERM, A. D. 1878.

IN THE THIRTY-SECOND YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS,    } JUDGES.
" JAMES G. DAY.

---

## THE HARRIS MANUFACTURING CO. v. MARSH.

1. **Pleading : PARTY.** In an action by a corporation upon a promissory note, it is not necessary to allege the corporate capacity of the plaintiff.

2. **Practice : OBJECTION TO DEPOSITION.** A motion to suppress depositions based upon any other ground than incompetency or irrelevancy, must be filed by the first morning of the first term after the deposition has been filed with the clerk. That the cross-interrogatories attached by the clerk are not answered does not constitute incompetency.

3. **Contract**: PROMISSORY NOTE: INDORSEMENT. Where a party transferred a note by indorsement, and indorsed upon the note an agreement to pay the indorsee one dollar per bushel for wheat delivered in payment of the note, *held*, that he became liable upon his refusal to take the wheat as agreed, whenever notified of the delivery thereof.

4. ———: ———: MEASURE OF DAMAGES. To entitle the indorsee to recover the contract price he must deliver the wheat to the indorser, and if he deliver it, his measure of damages is the difference between the contract price and the market value at the time of defendant's refusal to take it.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, JUNE 12.

THE petition of plaintiff in substance alleges that on April 8, 1874, N. A. Havens made to plaintiff his promissory note for thirty-six dollars and eighty-five cents, with ten per cent interest, and a reasonable attorney's fee if suit should be commenced to collect the same, and that on May 8, 1874, S. & Z. G. Farrington made to plaintiff a like note for thirty-seven dollars and fifty cents; that it was agreed between said parties, and indorsed on said notes, as follows: "No. 2 wheat to be taken at one dollar per bushel on this note at maturity, delivered at Chester, Iowa;" that at the time of the making of said notes defendant was the agent of plaintiff for the sale of farm machinery, and they remained in the possession of defendant as the proceeds of farm machinery; that afterward, upon settlement between plaintiff and defendant, defendant turned said notes over to plaintiff and received credit for the face of said notes and interest, and indorsed on them the following agreement: "I hereby agree to pay to Harris Manufacturing Company, or order, one dollar per bushel for wheat delivered in payment of this note;" that the makers of said notes, upon the maturity thereof, paid thereon in No. 2 wheat the full amounts thereof at one dollar per bushel; that defendant was duly notified that said wheat had been paid, and was requested to pay one dollar per bushel for the same, but defendant failed

The Harris Manufacturing Co. v. Marsh.

and neglected to receive said wheat from plaintiff; that after said wheat had been tendered to plaintiff, and while plaintiff was keeping it subject to defendant's order, it was lost to plaintiff by means of being shipped out of the warehouse where it was stored by plaintiff contrary to his orders; that it was shipped out without any neglect on the part of plaintiff, and that defendant did not refuse to take it until after its loss and destruction. The plaintiff claims of defendant ninety-three dollars and eighty-nine cents, with ten per cent interest, and twenty dollars attorney's fee and costs.

The defendant answered denying every allegation in the petition contained, except as follows, viz.: "Defendant admits the execution of the notes set out in plaintiff's petition. Defendant admits the indorsements made on said notes as in petition alleged. Defendant admits that he was the agent of said plaintiff for the sale of farm machinery at the time the notes aforesaid were executed." The cause was tried by a jury, and a verdict was returned for seventy-seven dollars. The motion in arrest of judgment and for a new trial was overruled, and judgment was rendered for the amount of the verdict and costs. The defendant appeals.

*Adams & Bullis*, for appellant.

*M. P. Hathaway*, for appellee.

Day, J.—I. The motion in arrest of judgment is upon the ground that the petition does not show that plaintiff is either a partnership or a corporation, or has capacity to sue. The defendant is sued upon his written agreement with the Harris Manufacturing Company to take the wheat which might be delivered on the notes referred to in plaintiff's petition, and pay therefor one dollar per bushel. Section 2558 of the Code provides: "When an action is founded on a written instrument, suit may be brought by or against any of the parties thereto, by the same name and description as those by which they are designated in such

instrument." Under this section it is not necessary to allege either co-partnership or corporate capacity.

II. On the 7th day of August, 1877, the parties stipulated that a commission might issue to take the deposition of W. E. Harkins on interrogatories therein referred to, and cross-interrogatories to be filed at any time after August 27, and that the deposition so taken might be read on the trial of the cause, subject to legal objections. The defendant failing to file any cross-interrogatories, the clerk of the court attached the usual statutory cross-interrogatories. On the 4th of September, 1877, the deposition of W. E. Harkins was returned to the court and filed in said cause. The cross-interrogatories were not answered. On the 21st day of September, being the 10th day of the term, the defendant filed a motion to suppress this deposition as incompetent, because the cross-interrogatories were not answered. This motion was properly overruled, because made too late. Section 3751 of the Code provides: "No exception to deposition other than for incompetency or irrelevancy shall be regarded, unless made by motion, filed by the morning of the second day of the first term held after the depositions have been filed by the clerk." That the cross-interrogatories were not answered does not constitute incompetency. The same is true of the objection that the notes sued on, referred to by this witness, or copies thereof, are not attached to the deposition.

2. PRACTICE: objection to depositions.

III. The proof shows that No. 2 wheat was to be taken on the notes, delivered at Chester, Iowa, at one dollar per bushel, and that defendant agreed to pay plaintiff one dollar per bushel for wheat delivered in payment of the notes. It is further shown that Havens delivered his wheat to W. E. Harkins, at Chester depot, and the Farringtons delivered their wheat to G. L. Henderson & Co., in Chester, Iowa. The defendant was notified by W. E. Harkins, who had the notes for collection, that the wheat had been delivered upon the notes, and payment thereof was demanded. The wheat Harkins had in store was afterward

3. CONTRACT: promissory note: indorsement.

sold for sixty-five cents per bushel, and the balance, after deducting storage, was sent to the plaintiff, who refused to accept it, as it did not pay the note. It is not shown what became of the wheat delivered to G. L. Henderson & Co. The court gave the following instruction:

"5. If you find that the wheat was delivered in payment of the notes at Chester, Iowa, and that the defendant refused to pay therefor one dollar per bushel, then the plaintiff is entitled to recover."

It is urged that this instruction does not embrace all that is essential to plaintiff's recovery. It is insisted that before the title could pass, and this defendant could be rendered liable on the contract, the plaintiff must have delivered the wheat to defendant, or, if the defendant was not present to receive it, then the wheat must have been designated and set apart for the defendant. But the defendant's contract is to pay to the Harris Manufacturing Company one dollar per bushel for the wheat delivered to it at Chester, in payment of the notes. When the wheat was so delivered, and defendant was notified of that fact, it became his duty to pay for it under his contract. No further delivery is stipulated for in the contract. Of course, if defendant had tendered the price he would thereupon have become entitled to the manual custody of the wheat. But, as his contract was to take the wheat when delivered to plaintiff, he became liable to an action upon his refusal or neglect to do so, upon due notice of the delivery. In another instruction the court directed the jury that the defendant could not be held responsible unless he had notice that the wheat had been paid on the notes.

IV. The court further instructed as follows:

"8. If the plaintiff is entitled to recover, the measure of his damage is the difference between the market value of the 4.——:——: wheat at the time of the refusal, and the one dollar per bushel.

measure of damages.

"9. If you should find the plaintiff is entitled to recover, and that at the commencement of this suit he held the wheat

for the defendant, then the measure of his damage is one dollar per bushel for the wheat so held, and for such part as he did not hold the measure is as given in the last foregoing instruction."

This last instruction we think is erroneous. The action was commenced on the 28th day of December, 1876. Under this instruction, if plaintiff had the wheat on the 28th day of December, he would be entitled to recover from defendant one dollar per bushel therefor, notwithstanding the fact that he may, on the 29th day of December, have sold all the wheat at ninety cents per bushel. In order to recover the contract price we think it is essential that plaintiff should retain the wheat until the time of trial, so that the defendant, if required to pay the contract price, may possess himself of the wheat. It does not appear what became of the wheat delivered to G. L. Henderson & Co. The plaintiff may have sold it and appropriated the proceeds. For the error in this instruction the cause is

REVERSED.