Sweet, Dempster & Co. v. Ervin & Co.

1. **Pleading**: ACTION BY PARTNERSHIP OR CORPORATION: DEMURRER. The petition in an action by a partnership or corporation should contain an averment of the capacity in which the suit is brought, otherwise it is subject to demurrer.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JUNE 17.

It is averred in the petition that the defendants are a co-partnership, and that the plaintiffs "sold and delivered to defendants goods, wares, and merchandise of the agreed price, and of the aggregate value, of $283.88, no part of which has been paid, and the same is now due plaintiff from defendant, with six per cent interest."

The defendants demurred to the petition upon the ground that the legal capacity of the plaintiff to sue "was not evidenced by any allegation that they sue as a co-partnership or a corporation." The demurrer was overruled. Defendants appeal.

*Cooley, Fannon & Akers,* for appellants.

*M. P. Hathaway* and *O. J. Clark,* for appellees.

ROTHROCK, J.—By section 2716 of the Code it is provided that a plaintiff, suing as a corporation or partnership, may aver generally, or as a legal conclusion, that it is a corporation or partnership. This would seem to imply that such an averment is necessary to constitute a good pleading. In *Byington v. M. & M. R. Co.,* 11 Iowa, 502, the plaintiff sued the defendant by its name for a trespass upon lands. There was no averment in the petition that the company was a partnership or corporation organized under the laws of this or any other state. It was held that a demurrer to the petition was prop-

erly sustained. It is said in the opinion in that case that "it might be sufficient in an action *ex contractu*, that the contract itself recognized the corporation, or that the petition should allege that the contract was made with the defendant as a corporation."

Counsel for appellee contends that by the contract in this case the defendants recognized the plaintiff as an artificial person, by contracting for the goods. It is true the petition avers that the defendants bought goods of Sweet, Dempster & Co., at an agreed price, but that plaintiff was a corporation, or partnership, or that defendants recognized it as such, nowhere appears. We think the case is within the rule of the authority above cited, and that the statute implies that such averment should be made.

REVERSED.