WENDALL v. OSBORNE & CO.

1. **Pleading:** ALLEGATION OF COPARTNERSHIP OR CORPORATION: DEFECT WAIVED AND CURED. Where a petition declares upon a contract in writing, and shows that a copy cannot be set out, but it appears by the contract admitted in evidence that defendants are sued by the name in which they signed the contract, a motion in arrest of judgment should not be sustained on the ground that the petition neither alleges that defendants are a corporation or copartnership, nor that the action is founded upon a written instrument wherein defendants' name and description are designated. See Code, § 2558. The defect in the petition should be pointed out by motion or demurrer. If not so pointed out, it will be considered as waived. Code, § 2650.

2. **Words and Phrases:** "HARVEST." The word "harvest," when used to denote a season of the year, designates the time when crops of grain and grass are gathered, and does not apply to second crops cut out of the harvest season.

3. **Sale of Reaper and Mower:** WARRANTY: WAIVER OF CONDITIONS OF: FACTS NOT CONSTITUTING. Where defendants sold to plaintiff a reaper and mower, and warranted the same to do good work, but it was provided in the written contract that keeping the machine during harvest, whether kept in use or not, without giving defendants notice of any defects discovered therein, should be deemed conclusive evidence that it filled the warranty, *held* that notice of defects given *after* harvest was too late, and that the fact that defendants, upon such notice, merely visited plaintiff's farm and tested the machine, and caused a rod to be changed, and made some suggestions as to its management, was not a waiver on their part of the defect in the time of giving such notice, and that plaintiff could not recover upon the warranty.

*Appeal from Keokuk District Court.*

FRIDAY, MARCH 21.

ACTION upon a contract warranting a certain reaping and mowing machine, purchased by plaintiff of defendants. There was a judgment upon a verdict for plaintiff. Defendants appeal.

*G. D. Wooden,* for appellants.

*Baldwin & McCoy* and *Sampson & Brown,* for appellee.

BECK, J.—I.   The amended petition, upon which the cause was tried, declares upon a warranty which was signed by defendants, and was attached to or was a part of the order given by plaintiff for the machine in question.   The amended abstract, which is not denied, and must, therefore, be considered as correct, alleges that the order and contract of warranty are in the possession of defendant, and cannot, for that reason, be set out by copy in the petition.   The defendants in their answer admit that they are manufacturers of reapers and mowers, and that plaintiff gave the order named in the petition.   Other allegations of the petition are denied.   The pleadings need not be more particularly recited.

II.   After verdict, the defendant moved in arrest of judgment, upon the grounds that the petition does not allege that

**1. PLEADING: allegation of copartnership or corporation: defect waived and cured.** defendants are a corporation or copartnership, nor that the action is founded upon a written instrument wherein defendants' name and description are designated. Other grounds of the motion are not urged in argument, and need not, therefore, be here stated.

The petition declares upon a contract in writing, and shows that a copy thereof cannot be given. The action is against defendants by the name in which they signed the contract, as appears by the instrument admitted in evidence. According to the provisions of Code, section 2558, the defendants are sufficiently described and designated in the action, and it is not necessary to allege that they are either a copartnership or corporation. *The Harris Manufacturing Co. v. Marsh*, 49 Iowa, 11. The alleged failure of the petition to state that the action is founded upon a written instrument designating and naming defendants, should have been pointed out for correction by demurrer or motion. As this was not done, objection cannot be afterward urged. Code, § 2650. The motion in arrest of judgment was rightly overruled.

III. A motion for a new trial, on the grounds of error in the instructions, and that the verdict is in conflict with the evidence, was overruled. We will proceed to the consideration of questions arising upon errors assigned on this action of the court below.

The contract of warranty upon which the action is based is in the following language:

"All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day. If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine taken back, and the payments of money or notes returned. Keeping the

.machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty.

"D. M. OSBORNE & Co."

There was evidence tending to show that the machine was purchased in June, and kept by the plaintiff without complaint, or any notice of defects therein, through the following harvest, and was used for cutting both grain and grass, and that it worked well. In October, the plaintiff attempted to use it for cutting a second crop of grass, and found that it failed to do the work. After this, complaint was made of the machine, and notice given to defendant's agent that it was defective. The agent of defendants, after the notice was given, examined the machine, and caused a rod connected with it to be changed, and gave some directions as to its use. Upon this branch of the case, the district court gave to the jury the following instruction:

"4. The word 'harvest,' as used in the warranty in this case, means the usual time of harvesting small grain and grass, and should not be construed as including the cutting of a second crop of grass in the fall of the year, after the usual time for cutting small grain and grass. If, therefore. you find from the evidence that the plaintiff did not give the notice provided for in the warranty until in the fall of the year, while he was cutting his second crop of grass, then it was not within the time required by said warranty, and your verdict will be for defendant, unless you find there was a waiver, as hereinafter explained.

"5. If you find that, after the notice referred to in the warranty was given, defendant, through its agent, with full knowledge and without objection or protest of any failure of plaintiff to give said notice in proper time, visited plaintiff's farm, investigated the defects of the machine, tested it, and made suggestions in relation to it, then you should find that there was a waiver by defendants of such failure to give said notice at the time required by said warranty."

The fourth instruction, omitting what is said in reference to a waiver, is clearly correct. The word "harvest" designates the time when crops of grain and grass are gathered, and does not apply to second crops cut out of the harvest season. The condition of the warranty, that the keeping of the machine through harvest, without notice of defects, shall be regarded as conclusive evidence of the fulfillment of the contract of warranty, is absolute, and must be enforced according to the import of its language. *Bayliss v. Hennessey*, 54 Iowa, 11. The law regards the conditions of the warranty as having been fulfilled, and considers the contract fully performed by defendants.

2. WORDS and phrases: "harvest."

IV. The fifth instruction is to the effect that certain acts of defendant, done after the performance of the contract as above explained, and after notice given, would operate as a waiver of the conditions requiring notice before the expiration of the harvest season. The notice contemplated by the contract to be given by plaintiff to defendant was, by the terms of the warranty, to be before the expiration of harvest. Any notice after that time is not provided for by the contract, is a matter entirely outside of the contract, and cannot have effect in determining the rights of the parties. Compliance with the requirements of such notice must be regarded as a voluntary or friendly act on the part of the defendants, not as an attempt to perform the contract. The warranty, in contemplation of law, under its terms, had been fully performed, and the rights and liabilities of the parties under the contract had been settled. Nothing remained for either party to do. The acts of the defendants contemplated in the instruction could not have induced belief and acts on the part of plaintiff which would have the effect to cause an estoppel.

3. SALE OF reaper and mower: warranty: waiver of conditions of: facts not constituting.

The instruction holds that defendants' acts waived the failure of plaintiff to give notice. It is doubtless meant that defendants waived their rights under the contract acquired by plaintiff's failure to give notice. This could only have been

done by defendants discharging the obligation and liability incurred by plaintiff by reason of his failure to give notice; in other words, by consenting to the abrogation of the condition making failure to give the notice conclusive evidence of the performance of the warranty. It is, then, a question involving the satisfaction and discharge of plaintiff's liability, and the surrender of defendants' rights, by the abrogation of the contract. As we have seen, the notice given by plaintiff, and the acts of defendant in response thereto, were not under the contract. It cannot be claimed that they amounted to the abrogation of any of its conditions, or to the discharge of plaintiff's liability in any form, or to the surrender of any rights held by the defendants under the contract. Performance or abrogation of a contract cannot be shown by acts not contemplated by it, and done without a purpose and intention to that end.

We reach the conclusion that the instructions above quoted, as far as they relate to the subject of waiver by defendants, are erroneous, and should not have been given. For this error the judgment of the district court is

REVERSED.