# STATE OF IOWA v. CON FOGERTY, Appellant.

**Criminal Law:** EVIDENCE. Evidence that defendant, charged with larceny, wanted to borrow money on the stolen property, is admissible on the question whether defendant, in assisting another person in bringing it to the place where it was afterwards found, or in bringing it himself, with such other person's assistance, had the intention of stealing the property or aiding therein.

CROSS-EXAMINATION. Where, in a prosecution for larceny, a witness testified that defendant brought the property to his shop and endeavored to borrow money upon it, questions, on cross-examination, as to whether witness had not informed others that part of the property belonged to him and had been in his possession for over two years, are properly excluded, where no complicity on part of the witness was shown.

IMPEACHMENT. A witness for the state, in a prosecution for larceny, who has testified that defendant wanted to borrow money on the property, cannot be impeached by evidence that he stated to other persons that the property belonged to himself.

INDICTMENT. An indictment for larceny alleging that the property taken belonged to the 'Skinner Manufacturing Company" is not insufficient for failure to allege that such company is either a corporation or a partnership.

**Instrctions:** Requested instructions are properly refused when included in those given.

**Corporations:** A corporation incorporated for a specified term of years, with the right of renewal, continues to exist for the purpose of discharging its obligations and disposing of its property, after the expiration of such time, under Code, section 1629, providing that corporations, whose charters expire by limitation, may nevertheless continue to act for the purpose of winding up their affairs.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

## THURSDAY, APRIL, 7, 1898.

THE defendant was accused and convicted of the crime of larceny, and from judgment of imprisonment in the penitentiary he appeals.—*Affirmed.*

*D. E. Collins, B. E. Kelly* and *Parsons & Riniker* for appellant.

*Milton Remley*, attorney general, *John Menzies*, County Attorney, and *Jesse A. Miller*, for the state.

LADD, J.—On February 17, 1897, one band saw and frame, an emery stand and shaft, two emery wheels, a machine punch, tire shaper, five sets of tires, some horseshoe iron, fifty packages of bolts, assorted bolts, three vises, one drill, four axle stubs, some belting, and two buggy poles were the property of, and stolen from a building of, the Skinner Manufacturing Company, in Emmetsburg. Foy was in charge of the building and property. The defendant was stopping with Jacob Stambach, at Ayrshire; and it is claimed he and John Stambach, a son of Jacob, went to Emmetsburg, stole the property and placed it in Jacob's blacksmith shop. On the trial, John Stambach testified that he simply accompanied the defendant, with the understanding that it was his property, and that he was only assisting him in its removal to Ayrshire, and did not know that it was stolen until several days, while the defendant says he had nothing to do with obtaining the property from the building or shop at Emmetsburg; that he simply rode home with Stambach, and had no knowledge the goods were being stolen.

II. The indictment alleges that the building from which the property was taken, and also the property belonged to the Skinner Manufacturing Company; and the defendant insists, by motion in arrest of judgment, that it is insufficient, in that it does not aver that the company is either a co-partnership or a corporation. In a civil proceeding, the capacity of a corporation or a partnership must be alleged. Code, section 3627; *Byington v. Railroad Co.*,

11 Iowa, 502; *Sweet v. Ervin*, 54 Iowa, 102.  An exception seems to exist where the charter of the corporation is by an act of legislature.  *Hard v. Decorah*, 43 Iowa, 313.  There is apparent conflict in the authorities as to whether it was necessary, at common law, to aver the capacity of a corporation in an indictment for stealing goods.  See note to section 110 of Wharton's Criminal Pleading and Practice.  That author says the question depends upon whether the court takes judicial notice of the charter.  Where corporations are organized as in this state, judicial notice is not so taken, and capacity must be alleged when this is not obviated by statute.  *Thurmond v. State*, 30 Tex. App. 539 (17 S. W. Rep. 1098; *McCowan v. State*, 58 Ark. 17 (22 S. W. Rep. 955); *People v. Bogart*, 36 Cal. 248; *Wallace v. People*, 63 Ill. 451; *State v. Mead*, 27 Vt. 722.  The strict rules of the common law in regard to ownership have been modified by our Code, which provides that "when an offense involves the commission of or an attempt to commit an injury to a person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the name of the person injured or attempted to be injured is not material."  Code, section 5286.  Under this section an indictment for burglary need not allege the corporate capacity.  *State v. Watson*, 102 Iowa, 651.  A distinction is made in pleading this crime and that of larceny by the supreme court of California.  See *People v. Henry*, 77 Cal. 445 (19 Pac. Rep. 830).  In *State v. Carr*, 43 Iowa, 418, it was held, under an indictment for robbery, that, although the name of the person robbed was alleged to be John Kopek, the defendant might be convicted on proof that his name was John Shoppick, as this did not prejudice the defendant.  In *State v. Cunningham*, 21 Iowa, 433, where an indictment charged that the property was taken from the person of George W.

Archer, a conviction was supported by proof that it belonged to George W. and Thomas J. Archer, as partners, and it is there said: "While we would guard with jealous care every right of a party thus charged, we believe the spirit of the law is best maintained by looking to its substance, its object and purpose, rather than to defeat its operation by adhering with too great tenacity to old forms and technicalities,—forms and technicalities which, though ever so just and necessary in particular cases, operated not unfrequently to impair the force and vigor of the law, rather than promote certainty and efficiency in its administration." Under a similar statute, the supreme court of Kentucky adjudged an indictment sufficient which laid the ownership of stolen property as that of the Tennessee River Packet Company, D. W. Swan, Little Bros., and others, without stating the names of the several owners. *State v. Bell*, 65 N. C. 313, is in point, and it is there said: "The name of the owner of the property stolen is not a material part of the offense charged in the indictment, and it is only required to identify the transaction, so that the defendant, by proper plea, may protect himself against another prosecution for the same offense. * * * The owner may have a name by reputation, and, if it proves that he is as well known by that name as any other, a charge in the indictment in that name will be sufficient." The identical question is determined in *State v. Grant*, 104 N. C. 908 (10 S. E. Rep. 554). If, under an allegation of ownership in an individual, proof thereof in a partnership will support a conviction, it may well follow that, under the charge of property in a partnership, proof that it belonged to a corporation of the same name would be sufficient. If the name is alleged with such certainty as to point out the owner, though omitting to mention whether a co-partnership or corporation, and the offense in other

respects is definitely described, the owner may be shown to be either, as the defendant, with such a record, may protect himself against another prosecution. In this case it was not material to the defendant whether the Skinner Manufacturing Company was a corporation or a co-partnership, as in all other respects the act was fully identified; and the failure to allege capacity was not material, as no prejudice resulted.

III. It is asserted by the defendant that there is no proof of the existence of the Skinner Manufacturing Company. The articles of incorporation were introduced in evidence, and article 3 is as follows: "This incorporation is to commence on the 2d day of March, 1885, and continue for ten years, with the right of renewal in accordance with [section] 1069 of the Code of Iowa [of 1873]." No evidence of any renewal was introduced. The authorities hold that, in the absence of any statute, the corporation would cease to exist as such upon the expiration of the ten years. See 4 Am. & Eng. Enc. Law, 295; Clark, Corporation, 249; *Bradley v. Reppell* (Mo. Sup. 32 S. W. Rep. 645); Thompson, Corporation, 530; *Sturges v. Vanderbilt*, 73 N. Y. 384. But our statute provides, "Corporations whose charters expire by limitation or the voluntary act of the stockholders may nevertheless continue to act for the purpose of winding up their affairs." Code, section 1629. Under this section, the Skinner Manufacturing Company continued to live, for the purpose of discharging its obligations and disposing of its property. *Muscatine Turn-Verein v. Funck*, 18 Iowa, 269; *Railroad Co. v. Horton*, 38 Iowa, 33. See also, *Miller's Adm'x v. Newburg Orrel Coal Co.*, 31 W. Va. 836 (8 S. E. Rep. 600.) The property continued that of the corporation until it was disposed of in winding up its affairs, and the corporation remained in existence for that purpose.

IV.  Jacob Stambach testified that defendant brought the property stolen to his shop, and that he had a conversation with him on the following morning, in which he told Fogarty that he did not believe it was his stuff, and that he did not want it, and that, two or three days later, defendant wanted to borrow money on it.  On cross-examination he was asked this question: "Didn't you tell Mr. Rex, at Ayrshire, Iowa, in the month of February, 1897, and a few days after the property came to your shop, and also tell Mr. Mitchell at the same time and place, that this punch (being a part of the property in controversy) you had had for over two years, and that it was your punch?"  The objection, "incompetent, irrelevant, and immaterial, and not proper cross-examination," was sustained.  The same question was repeated, with the addition of the words, "and that you bought it from a fellow at Estherville, Iowa?" and the answer excluded on a like objection.  Other similar questions were asked and like objections sustained.  The rulings were correct.  No complicity on the part of Jacob was shown, and the evidence offered was admissible, if at all, as affecting his credibility as a witness.  That the property was stolen and taken to Jacob's shop was not questioned.  The main issue on the trial was whether the defendant, in assisting John Stambach in bringing it there, or in bringing it himself with John's assistance, had the intention of stealing, or aiding therein.  As bearing thereon, the testimony of Jacob that Fogerty wanted to borrow money on the property was material.  But the statements to Rex or Mitchell or Gates, if made, claiming ownership, did not tend in any way to contradict his testimony that the conversation accurred as related, or that the defendant stated that he wanted to borrow money on the property.  Such statements indicated that Jacob

was claiming the property as his own, and, had he been on trial, might have been received as tending to show guilty participation on his part. But they in no way contradicted the testimony that Fogerty desired to borrow money on this property, and for this reason were not impeaching in character.

V. The exceptions to the instructions are without merit. All of them are in accord with those heretofore approved by this court. See *State v. Schlagel*, 19 Iowa, 169; *State v. Burton*, 103 Iowa, 28. Those requested, in so far as correct, were included in the instructions given. We discover no error in the record and the judgment must be AFFIRMED.