EDWARD COOPER, Appellant, v. CITY OF CEDAR RAPIDS.

Temporary Sewer: NUISANCE: *Law and equity.* Where a city, in accordance with an ordinance duly adopted, builds a temporary open sewer on streets running through a plat which it had never accepted, an abutting property owner has an action at law for damages for the trespass, but the maintenance of such sewer cannot be enjoined, since the granting of an injunction to abate the nuisance presupposes defendant's right to do work on the street to abate the nuisance, which it did not have.

SAME. Where an open sewer for surface drainage, authorized by law, is constructed by a city, an abutting property owner may maintain an action for damages for injuries to his property in consequence of negligence or unskillfulness in doing the work.

AUTHORITY TO CONSTRUCT: *Ordinance or resolution.* Though Acts Twenty-fifth General Assembly, chapter 7, require a city to pass an ordinance or resolution authorizing the paving of streets and construction of public sewers, no ordinance or resolution was necessary to authorize a city to construct a temporary open sewer for surface drainage, since such sewer may be constructed by a street commissioner without specific authority.

*Ratification.* Where a temporary open sewer for surface drainage is constructed by a city without the passage of an authorizing resolution, acceptance of the work by the city supplies the want of previous authority.

Appeal: OBJECTION THAT RELIEF SOUGHT IS NOT WARRANTED: *Sufficient objection. below.* Where a city, in a suit by an abutting property owner to enjoin the maintenance of an open sewer, insists that the owner is not entitled to the relief sought, the fact that it did not make the point that the owner's action should have been at law, and that it did not move to transfer same to the law docket in the trial court, will not preclude such city from urging that contention on appeal. The objection is not that the case should have proceeded at law, but that the relief asked could not properly be given by any tribunal.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

THURSDAY, OCTOBER 25, 1900

ACTION in equity to enjoin defendant city from maintaining in the street an open sewer or ditch. From a judgment dismissing the petition and taxing costs to plaintiff, he appeals.—*Affirmed.*

*Rickel & Crocker* and *John A. Reed* for appellant.

*Warren Harmon, John N. Huges,* and *Jamison & Smyth* for appellees.

WATERMAN, J.—Plaintiff is the owner of a number of lots in James C. Young's First addition to the city of Cedar Rapids. It is conceded that prior to the time of the acts complained of the defendant city adopted by ordinance a plan for a general system of sewerage, according to which a permanent, arched brick sewer was to be constructed in certain of the streets of said addition; that such a sewer was begun and constructed for some distance along its planned route, which extended beyond the addition in question, but through such addition an open drain was built, which connects with the permanent sewer. This drain is laid in the center of several streets of said addition. It is from 8 to 10 feet wide, and from 4 to 8 feet deep, and, as is charged, seriously impedes the use of the streets. It is also established that the property of plaintiff is practically vacant and unimproved, and that but little use is made by the public of the streets and alleys adjacent thereto. It is alleged on the part of defendant that this ditch is but temporary, and that the permanent sewer will be extended as rapidly as the money to pay therefor can be acquired, for all payments have to be made out of the general fund of such municipality, and the condition of that fund is such that the work must be done gradually. The argument of plaintiff proceeds as follows: First it is insisted—though, we take it, with no great confidence—that the plat of

Young's addition was never accepted by the municipality, and therefore the highways shown thereon are not public streets of said city. If, under the pleadings, we could regard this matter as in issue, it would hardly benefit plaintiff. If the streets upon which this drain is built were not city highways, the work of building the drain was an act of trespass, and plaintiff's action should be at law for damages. He could not secure the mandatory writ asked, for the granting of any such writ presupposes the city's right to do work on the street to abate the nuisance. Next it is claimed that, if the city had a right to enter upon these streets, it had not acquired authority to build an open sewer thereon, because the work was never authorized either by ordinance or resolution. Previous to beginning this work, the city, by ordinance properly passed, had adopted a plan of sewerage in accordance with specifications made by one Chester B. Davis, a sanitary engineer. According to this plan, the permanent sewer on these streets was to be arched in form, and of three courses of brick. Whether any provision was made in such plan for temporary drains to supplement the permanent system as it was being constructed does not appear in the record. The whole of the Davis plan is not set out. Certain action of the city council, which is set forth, leads us to think the Davis system comprehended this open drain. For instance, it appears that the Davis plan was adopted; that the work in accordance therewith was let; and, after this open drain was constructed, a report of the sewer committee that the work was completed according to such plan and specifications was adopted by the council. But, if this were not so, we must say that we know of no rule of law that requires a city to act by ordinance or resolution in the making of a temporary drain in the street. Appellant relies somewhat on chapter 7, Acts Twenty-fifth General Assembly. That act applies to permanent work where the city

streets are paved and curbed, or public sewers constructed. The improvement in question is but a temporary gutter for surface drainage. It is in the line of such work as might be done by a street commissioner without specific authority from the council. The cases of *Trustees of Diocese of Iowa v. City of Anamosa,* 76 Iowa, 538, and *Blanden v. City of Ft. Dodge,* 102 Iowa, 441, cited by appellant, both relate to change of grade, which is in the nature of permanent work, and both were actions for damages. See, also, *Kepple v. City of Keokuk,* 61 Iowa, 653. Furthermore, if a resolution had been necessary to authorize this work, the acceptance of the work by the city would be a ratification of the act, and would supply the want of previous authority. *Hard v. City of Decorah,* 43 Iowa, 313; 1 Dillon Municipal Corprations, 139, 459. Of course, if an ordinance or resolution is required as a basis for some other municipal act,—as the levy of an assessment,—its want cannot be supplied by ratification. The effect of subsequent acceptance, however, is to make the work done by the agent that of the principal. If this open drain, then is the work of the city, and it had a right to do such work, it cannot now be compelled to undo it. While we say this drain was in line with work a street commissioner might do as incident to a temporary improvement of a street, we do not wish to be understood as saying that such officer could go to the extent he did in this instance. Neither do we wish it thought that plaintiff is without any remedy, under the facts disclosed here. If this gutter or drain was negligently constructed, and plaintiff has been injured thereby, he has a right of action for damages. *Powers v. City of Council Bluffs,* 45 Iowa, 652. A question somewhat akin to this in principle was passed upon by this court in the case of *City of McGregor v. Boyle,* 34 Iowa, 268. In that case the city sued to recover damages for the filling of a sewer in a street by defendant. The claim of the latter

was that the sewer was an open one, that it was a nuisance, and rendered access to his property difficult and dangerous. On these issues this court said: "The city, as a public corporation, had the right to construct the sewer in question, and, unless the work has been negligently or unskillfully performed, the defendant would have no right of action for consequential injuries to his property; but, if the city authorities constructed the sewer in an unskillful or improper manner, whereby the property of defendant was injured he may recover damages for injuries to his property caused by such negligence or unskillfulness.    *    *    * The improvement being authorized by law, and constructed by the agents on whom the law conferred the authority, such improvement, though carelessly or unskillfully made, did not constitute a nuisance, so that defendant could lawfully interpose, and remove the same.   His remedy, in case of injury to his property in consequence of such careless or unskillful construction, is by action for damages."

Appellant seeks to maintain his standing in this court on the grounds that the point was not made below that his action should have been at law, and, if it had been, defendant should have moved to transfer to the law docket. Neither of these positions is sustainable.   From the beginning defendant has insisted that plaintiff is not entitled to the relief asked.   It is not precluded from giving a reason in support of that contention now, because it did not assign it in the trial court.   *McLachlan v. Town of Gray,* 105 Iowa, 259.   As to the other matter, we may say the case as it appears here would have no place on the law docket. The objection made by defendant is not that this case should have proceeded at law, but that no such relief as is asked could properly be given by any tribunal.   The action of the district court appears to have been correct, and its judgment is AFFIRMED.