W. H. WARE v. HERMAN M. LEFFERT, a firm composed of
EMIL LEFFERT, MRS. LEFFERT and HENRY LEFFERT,
Appellant.

**Pleading:** REPRESENTATIVE CAPACITY OF PARTIES: DEMURRER. In a suit
against a partnership it is necessary for the plaintiff to allege
the representative capacity of defendant and failure to do so is
ground for demurrer.

**Same:** REVIEW ON APPEAL. The questions raised by demurrer to a
petition are properly before the appellate court on appeal from
a judgment for plaintiff rendered after overruling a demurrer,
filing of answer and trial upon the merits.

*Appeal from Council Bluffs Superior Court.*—HON. G. H.
SCOTT, Judge.

FRIDAY, APRIL 7, 1911.

THIS is an action brought on a written contract. There
was a trial to the court without the intervention of a jury
and a judgment for the plaintiff. The defendant appeals.
*Reversed.*

*Clem F. Kimball,* for appellant.

*H. O. Ouren,* for appellee.

SHERWIN, C. J.—The plaintiff, entitling this action
as appears herein, brought suit on a contract in the follow-
ing language: "I hereby agree to take back ring provided
same is in good condition as when sold, for amount paid
less ten percent; amount paid $150. Herman M. Leffert."
The plaintiff alleged in his petition that one Cheney made
the contract above referred to, and that he was the assignee

of Cheney. He further alleged that the ring had been tendered back to the defendant, and that the defendant had refused to receive it. There was no allegation in the petition that the defendant, Herman M. Leffert, was a copartnership or a corporation. The original notice was directed to the defendant as a partnership, and the defendant appeared and demurred to the petition on the ground that there was a defect of parties, and, in substance, that the petition did not allege a cause of action against the partnership known as the Herman M. Leffert firm. This demurrer was overruled, and the defendant subsequently answered, denying that it had ever made the contract set out in the petition.

It is very clear that the court erred in overruling the demurrer. Code, section 3627, provides that "a plaintiff suing as a corporation, partnership, executor, guardian, or in any other way implying corporate, partnership, representative or other than individual capacity, need not state the facts constituting such capacity or relation, but may aver the same generally or as a legal conclusion, and where a defendant is held in such capacity or relation, a plaintiff may aver such capacity or relation in the same general way." It has been the holding of this court that it is necessary, under this statute, to allege the representative capacity of either the plaintiff or the defendant, as the case may be, and that a failure to so plead is a ground for demurrer. *Byington v. Miss. & M. R. Co.,* 11 Iowa, 502; *Sweet v. Irvin,* 54 Iowa, 101; *State v. Fogerty,* 105 Iowa, 32; *Construction Co. v. Brown,* 110 Iowa, 37.

1. PLEADINGS: representative capacity of parties: demurrer.

The plaintiff says, however, that the answer sufficiently showed the partnership capacity of the defendant, and hence the failure on his part to plead a partnership was not fatal. There are two difficulties with this position. In the first place, the answer did not allege that defendant was a partnership, nor did

2. SAME: review on appeal.

it allege the existence of a partnership at the time the contract pleaded was alleged to have been made. . On the contrary, the inference may be drawn from the answer that there was no such firm in existence at that time. Section 3564 of the Code provides that where a demurrer is interposed to a petition and overruled and an answer is thereafter filed, the ruling on the demurrer shall not be considered as an adjudication of the questions raised thereby, and the sufficiency of the pleading thus attacked may be determined as if no demurrer had been filed. The question raised by the demurrer is therefore properly before us for consideration, and we hold that the demurrer should have been sustained.

Other questions are presented in this case which it is not now necessary to determine, because they will not, in all probability, arise on the retrial thereof. We may say, however, that there was not a particle of evidence tending to show that the contract in question was the contract of a firm known as Herman M. Leffert. Moreover, the undisputed evidence showed that the ring, when the alleged tender back was made thereof, was not in the condition required by the contract, and with these two matters in mind we are wholly unable to see the grounds upon which the trial court gave the plaintiff a judgment. No service of notice was ever made on the individual Herman M. Leffert, nor did he enter any appearance in this action, and the judgment is not against him personally, but against the firm known as Herman M. Leffert.

For reasons heretofore stated the judgment is *reversed.*