M. SCHULZ COMPANY, Appellant, v. T. P. GRIFFITH, Appellee.

PLEADING: Form and Allegation in General—Corporate or Partnership Capacity. A plaintiff suing on a promissory note in the identical name in which the note is payable need not allege or prove the capacity in which it sues: that is, whether it

sues as a partnership, corporation, or the like. So held where plaintiff sued as "M. Schulz Company," on a promissory note payable to "M. Schulz Company." (See Sections 3473, 3627, Code, 1897.)

**APPEAL AND ERROR:** Parties Entitled to Allege Error—Estoppel
2  —Belated Objections. The objection that one sued is *not* alleged to be a partnership or corporation is waived when interposed for the first time in a motion in arrest of judgment.

**APPEAL AND ERROR:** Reversal—Final Judgment by Appellate
3  **Court.** When the appellate court finds that the only obstacle to the allowance of appellant's claim is an untenable proposition of law, such court will proceed to render such judgment as the trial court should have rendered.

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

JANUARY 17, 1918.

ACTION on a note. Defendant filed a counterclaim. The trial court directed a verdict against plaintiff on its alleged cause of action, and the jury returned a verdict for the defendant on the counterclaim. Judgment was entered thereon, and plaintiff appeals.—*Modified and affirmed.*

*Guy W. Backus, Charles F. Maxwell* and *H. P. Hancock,* for appellant.

*E. H. Estey,* for appellee.

PRESTON, C. J.—Plaintiff sued on a note

1. PLEADING: form and allegation in general: corporate or partnership capacity.

executed by the defendant, in which M. Schulz Company was the payee. For answer, defendant admitted that he executed the certain promissory note, a copy of which is set out in the petition, and denies each and every other allegation contained in the petition, and particularly denies that he is owing to plaintiff any sum whatever upon said note. By way of counterclaim, defendant alleged that he and plaintiff entered into a contract by which plain-

tiff gave defendant the exclusive right to sell plaintiff's
pianos in certain counties in Iowa; that said contract was
in writing, evidenced by a series of letters written by plain-
tiff and defendant; that said contract has not been ter-
minated; that plaintiff breached said contract by itself sell-
ing its pianos to various parties within said exclusive ter-
ritory, contrary to the terms of the contract, by reason of
which defendant was damaged in the sum of $500.

The petition did not allege that plaintiff was a copart-
nership or a corporation, nor did defendant in his counter-
claim so allege. The suit was simply brought by plaintiff in
the same name in which it was named as payee of the note.
Neither the petition nor the counterclaim was attacked by
demurrer or otherwise, except that Otto Schulz, as a wit-
ness, testified, over objection by defendant that the evi-
dence was not relevant to any issue, because there was no
issue to show that plaintiff had a right to bring the action,
that he was president, one of the directors, and the man-
ager of plaintiff company; and testified, over like objection,
that the note in suit was the one executed to plaintiff;
that it was the note sued upon; that he had computed the
amount due on the note; that plaintiff was the owner of
it; that it had not been paid. Plaintiff then offered the
note in evidence, over the same objection, and rested.

The defendant then introduced its evidence on the
counterclaim. The plaintiff made no objection to defend-
ant's evidence on the ground that there was no allegation in
the counterclaim as to plaintiff's corporate or partnership
capacity, and for the first time attempted to raise the
question when it filed its motion for new trial and in ar-
rest of judgment.

At the close of the testimony, plaintiff moved for a
directed verdict for the plaintiff upon the note sued upon,
and to disallow the counterclaim on the ground that there
was a want of evidence of an acceptance by defendant

of plaintiff's proposition by letter, and that, therefore, there was no contract established, and that the evidence was not sufficient to justify a submission of the counterclaim to the jury. This motion was overruled. The plaintiff offered instructions on the point above mentioned, that the evidence was not sufficient to submit the counterclaim to the jury, which were refused.

At the close of the testimony, defendant moved for a directed verdict in its favor, so far as plaintiff's claim was concerned, on the ground, substantially, that the petition fails to state that the plaintiff is a corporation, or a copartnership, or a person, or what it is, and fails to show or state that plaintiff has any legal capacity to bring or maintain this action; that there is no proper evidence introduced tending to show that plaintiff is a corporation, or a copartnership, or a person, having a right to maintain this action; and that, where the fact of incorporation is not pleaded, proof of that must be excluded by the court, upon proper objection. This motion was sustained.

Thereupon, plaintiff filed a motion and objection, stating that, because the court had ruled that plaintiff has no standing in the court because of its failure to allege corporate capacity, the counterclaim could not be submitted as against plaintiff, and objected to the jury's considering the counterclaim, in view of the plaintiff's having no standing in court. This motion and objection seems not to have been passed upon by the court, except that, by its instructions, the court directed the jury to disallow plaintiff's claim on the note. The instructions were presented to council for plaintiff before they were read to the jury.

The argument for both sides is in regard to the question as to whether it was necessary to allege in the petition or counterclaim, or both, that plaintiff was a corporation or copartnership. It would seem to have been a simple matter for plaintiff to have amended its petition,

when defendant, at the commencement of the trial, made the objection; and defendant could have readily amended the counterclaim, since it must have known that plaintiff was a corporation. Defendant filed a motion and affidavit for security for costs, on the ground that plaintiff was a foreign corporation, and the motion was confessed and a bond given.

1. We shall take up first appellee's propositions and cases. His contention is that, where a plaintiff is a corporation, the averment of its corporate capacity must be made in its petition (citing Code Section 3627; *Hard v. City of Decorah,* 43 Iowa 313; *Sweet, Dempster & Co. v. Ervin &.Co.,* 54 Iowa 101; *Ware v. Leffert,* 151 Iowa 17); and that, where an action founded on a written instrument is brought against the party signing the same, by the same name as that by which he signs such instrument, it is necessary to allege representative capacity, and, if the petition fails to so allege, it is subject to demurrer (citing the *Ware* case, supra, and *Wendall v. Osborn & Co.,* 63 Iowa 99, 101); and that it has been the holding of this court that it is necessary, under the statute, to allege the representative capacity of either the plaintiff or the defendant, as the case may be, and that a failure to so plead is a ground for demurrer (citing again the *Ware* case); and further, that defendant was not required to demur to the petition, but could properly raise the question in that way, or by objecting to plaintiff's evidence, or, at the close of the evidence, make a motion to direct a verdict (citing the *Hard* case, supra).

The question is whether, under the record in this case, where the suit is brought on a written instrument, payable to M. Schulz Company, and the suit was brought in that name, it is necessary, under Section 3473 of the Code, to allege that plaintiff was a corporation. The cases cited by appellee, before referred to, are not so broad as appellee

contends, as applied to the record in this case. In such cases as those cited, it is necessary, under Section 3627, to make the allegation as to corporate capacity contended for. The *Hard* case was an action against a municipal corporation, incorporated under the general act of the legislature, for the removal of gravel; and it was held, under such circumstances, that it was necessary to allege that defendant was incorporated, and that the courts would not take judicial notice that it was so incorporated. The *Sweet, Dempster & Co.* case was not an action upon a written instrument, but for goods sold, and under that state of facts, it was held necessary that plaintiff should allege that it was a copartnership. The *Ware* case was an action upon a written contract, but the contract was signed by Herman M. Leffert only, and the action was entitled as against him and others. It is very clear that, under such circumstances, before others could be held as partners, it should have been so alleged and proved. The *Wendall* case was an action upon a written instrument, against defendants by the name under which they signed the contract; and it was held that, under the statute as it then was, Section 2558, now 3473, the defendants were sufficiently described and designated, and that it was not necessary to allege that they were either a copartnership or a corporation; but it was held that it was too late to raise the question by motion in arrest of judgment.

Though not coming under either of the sections quoted, it was held, in *State v. Fogarty,* 105 Iowa 32, that, in an indictment for larceny, an allegation that the property taken belonged to "The Skinner Manufacturing Co," is not insufficient for failure to allege that such company is either a corporation or a partnership, the court holding that the failure to allege capacity was not material, as no prejudice resulted. In *University of Chicago v. Emmert,* 108 Iowa 500, it was held that, in filing a claim against an estate,

claimant need not aver in what capacity, whether a corporation, partnership, or person, it acted in presenting the claim, as is required in ordinary actions by Section 3627, at least unless the pleading is assailed by motion. In *Stokes v. Gollmar Bros.*, 163 Iowa 530, the original notice was served upon the defendants as a corporation. The petition alleged that plaintiff did not know whether it was a corporation or partnership or an association, but that it was one or the other. There was a motion for a directed verdict, upon the ground, among others, that plaintiff had failed to prove the character of the defendants, and that, therefore, a judgment could not be rendered against them. The verdict and judgment were against the defendants as named. The action was not upon a written instrument, but was for damages for personal injury. The holding was that the defect was waived by defendants' appearing and filing an answer, and proceeding to trial without objection.

So far as we have been able to find, the distinction between the two sections of the statute referred to has never been made in any of the cases. Appellant cites *Harris Mfg. Co. v. Marsh*, 49 Iowa 11. That was an action by the plaintiff upon a promissory note, upon which was indorsed a contract, both of which were in favor of the plaintiff. Plaintiff sued in that name. The action being founded upon a written instrument, it was held that, under Section 2558, which is the same as the present Section 3473, it was not necessary to allege either copartnership or corporate capacity. It is true, as contended by appellee, the question was that the defect was sought to be raised by motion in arrest of judgment; but the opinion is not based upon that ground, and holds squarely that it was not necessary to allege capacity. The case seems to be directly in point. Such, as before stated, was the holding in the *Wendall* case, supra. These are the only cases cited, construing the last named section, and we do not find any others.

In the instant case, the action was styled M. Schulz Company, plaintiff, and the note was made payable to M. Schulz Company. The action is based upon a written instrument. We hold that, under such circumstances, it was not necessary to allege plaintiff's capacity. The execution of the note is admitted, and there is no defense interposed, either by the pleadings or the evidence, other than the claim that there was no allegation of plaintiff's capacity. We hold that, under such circumstances, it was not necessary to allege or prove plaintiff's capacity. The court erred in holding otherwise, and it should have directed the jury to find for plaintiff as to the note and interest.

2. APPEAL AND ERROR: parties entitled to allege error: estoppel: belated objections.

Doubtless defendant would be entitled to know whether plaintiff is a corporation, or its capacity, if motion for more specific statement had been made; but failure to so allege is not fatal to the right to maintain the action. There is no merit in appellant's contention as to the failure of the defendant to allege corporate capacity in the counterclaim. Plaintiff had sued, and was properly in court for all purposes. Even if this be not so, plaintiff made no objection on that ground until the motion in arrest of judgment; and, under the cases before cited, it was then too late.

3. APPEAL AND ERROR: reversal: final judgment by appellate court.

Some other questions are briefly argued by appellant, as to the counterclaim and as to the sufficiency of the evidence to show a contract from the correspondence. This was a question for the jury and was properly submitted, and their judgment is final; and as to that part of the appeal, the judgment is affirmed. It is reversed, however, as to the action of the court in regard to plaintiff's claim on the note. As before stated, there being no dispute as to this, we think it is a case where this court should

now render such a judgment as the district court should have rendered. The amount of the note, with interest, should have been deducted from the amount found due on the counterclaim, and this will be done now. The judgment is modified to that extent.

The principal contention in the district court was in regard to the counterclaim, and the costs were made thereon. The costs' in the district court should be paid by appellant, but the costs in this court will be taxed to appellee.

The case is remanded to the district court, with directions to make the deduction as indicated.—*Modified and affirmed.*

EVANS, GAYNOR, and STEVENS, JJ., concur.