# THE STATE OF IOWA,

## DES MOINES, JUNE TERM, A. D. 1880.

IN THE THIRTY-FOURTH YEAR OF THE STATE.

---

PRESENT:

Hon. AUSTIN ADAMS, Chief Justice.
" WILLIAM H. SEEVERS, ⎫
" JAMES G. DAY, ⎪
" JAMES H. ROTHROCK, ⎬ Judges.
" JOSEPH M. BECK, ⎭

---

BAYLISS v. HENNESSEY.

1. **Sale:** WARRANTY: CONSTRUCTION OF CONTRACT. Where in a contract for the of sale of a harvester, with a warranty, it was provided that the cutting of five acres of grain with the machine should be conclusive evidence that the warranty was fulfilled, and more than five acres were cut by the purchaser, it was held that he could not recover upon the warranty, although such amount was cut only after two or more trials, and after the seller had been notified of the failure of the machine to comply with the terms of the warranty.

*Appeal from Winneshiek District Court.*

SATURDAY, JUNE 12.

ACTION to recover the purchase price of a "Massilon Harvester" sold and delivered by the plaintiff to the defendant.

Trial by the court, a finding of facts and judgment for the plaintiff. The defendant appeals.

*Charles P. Brown*, for appellant.

No appearance for appellee.

SEEVERS, J.—The contract of purchase and warranty was in writing. The defendant contracted to pay two hundred dollars for the machine, as follows: "Cash $22, an old reaper, note for $95, due November 1, 1877, with interest at ten per cent per annum, provided the machine was as warranted," but if it proved not to be, "after notice and trial as stipulated in the warranty," then the defendant was to return it to the place of delivery. The warranty was as follows:

1. SALE: warranty: construction of contract.

"When the machine is put in operation, if it should fail to perform as warranted, it shall be the duty of the purchaser to notify us immediately of the fact, and allow us sufficient time to send a man and put it in order; then, if it does not work, and the fault is in the machine, it will be taken back and the money refunded, or that part which proved defective will be replaced, or a perfect machine given in its place. The use of the machine in cutting five acres shall be conclusive evidence that the warranty is fulfilled."

Both parties claimed to have performed the contract on their part, and that the other failed to do so.

It is assigned as error, 1. That the judgment is not in accordance with, but is contrary to, the facts found. The court found the machine was not as good as it was warranted, and also the following facts in the form of questions and answers:

"Q. 4. Did defendant cut five acres with the machine, before he notified the agent of plaintiff that the machine would not work? A. No.

"Q. 7. Did the defendant, between the first and second time of notifying plaintiff's agent, cut more than five acres? A. Don't know.

"Q. 11. Did the defendant, between the first time plaintiff's agent left the machine at work and the next Sunday thereafter, cut five acres or more of grain with the machine? A. Yes."

The contract in terms stipulated that the cutting of five acres with the machine should be regarded as conclusive evidence the warranty had been fulfilled. Now, as the fact is that more than five acres were cut with the machine, the terms and conditions of the warranty have been complied with on the part of the plaintiff, because the parties have so expressly contracted. The plaintiff, therefore, is entitled to recover, and the District Court correctly so held.

Counsel for the appellant insists that the five acre clause only refers to the first trial. There is no such exception in the contract, and it would require certain essential words inserted therein before such construction could be adopted. It seems to us there is no room for construction, but that the evident meaning of the words used must prevail and be adopted.

2. The machine was to be shipped to the defendant on or before the 15th day of July, 1876. When it was received does not distinctly appear, but conceding it to be at the time just stated, the defendant agreed to then pay therefor in accordance with the contract. Among other payments he was to execute a note for $95, bearing ten per cent interest. On this amount the plaintiff was entitled to the stipulated interest, because there was a written agreement to pay ten per cent interest. He also agreed to pay in cash $22, and the value of the old reaper must have been fixed at $83. On neither of these amounts did the defendant in writing agree to pay ten per cent interest.

The District Court rendered a judgment for $212, with ten per cent interest thereon from July 15, 1876. This judgment is excessive. The plaintiff is only entitled to recover $200, ninety-five dollars of which should draw interest at ten per cent from the time above stated, and the residue at

the rate of six per cent. As there was a finding of facts such a judgment as the District Court should have rendered may be entered here, if the plaintiff so desires, or the cause will be remanded to the court below for this purpose.

The next question is at whose costs should the correction be made. No motion for a new trial was made in the District Court, nor is there any evidence in the abstract tending to show the attention of that court was called to the error. Under the express provision of Code, § 3168, this cause cannot be reversed for the error alluded to, because no motion to correct it was made in the District Court. It follows, therefore, that the correction should be made at the costs of appellant. The appellee must recover his costs in this court.

MODIFIED AND AFFIRMED.