## J. I. CASE THRESHING MACHINE CO. v. VENNUM.

1. SALE—EXPRESS WARRANTY—CONCURRENT OBLIGATIONS.

When the obligations of an express warranty are concurrent, either party who seeks to enforce the obligation of the other must prove performance on his part, or an offer to perform.

2. SAME—PURCHASE MONEY NOTE—USE OF MACHINE.

In an action upon promissory notes given on the purchase of a threshing machine sold with such warranty, there being no proof of performance of the conditions on the part of the purchaser, he having used the machine for more than one year, and paid part of the purchase money, is estopped from making the defense of breach of warranty for the first time, or recovering damages under such warranty;

and in this case the court should have directed a verdict for the plaintiff.

Syllabus by the court.   Filed May 14, 1885.

Appeal from the district court of Stutsman county.

*White & Hewitt*, for plaintiff and appellant.

Defendant allowed judgment in a prior action on one of the series of notes given for this machine, to be taken by default, and this renders the defense of breach of warranty in this action *res adjudicata.* Wells on Res. Ad., 308, §§ 402, 406; Gardner v. Buckbee, 3 Cow. 120; Young v. Black, 7 Crauch, 565–7; Marsh v. Pier, 4 Rawle. (Pa.) 273.

A valid judgment for the plaintiff sweeps away every defense that should have been raised against the action, for the purposes of every subsequent suit.   Freeman on Judg. 272; Wells on Res. Ad. 216-222; §§ 248, 249, 253; Beloit v. Morgan, 7 Wall, 619, 623; Pierce v. Kneeland, 9 Wis. 23, 31; Danaher v. Prentiss, 22 Id. 311, 317. Shepardson v. Cary, 29 Id. 34.

His failure to set up a breach more than a year after he claims to have found the machine worthless, in an action to which that would have been a proper defense, is unpardonable laches on his part and effectually bars him from the right to set it up at any other time. under the spirit of the rule.   Kellogg v. Denslow, 14 Conn. 411; Boothby *et al.* v. Scales, 27 Wis. 626; Paige v. McMillan, 41 Wis. 337.

Any notice given thereafter, after over a full year and after the judgment on the first notes, would clearly be so unreasonably late—even if given in correct form—as not to leave the plaintiff liable on the breach of warranty.   We need hardly cite authorities in support of so evident a proposition as this.   Kellogg v. Denslow, 14 Conn. 411; Boothby *et al.* v. Scales, 27 Wis. 626; Paige v. McMillan, 41 Wis. 387.

*Allan & Dodge,* for respondent.

The rule of law seems to be in regard to chattels sold with warranty, that if they do not answer the contract, the party has his election of two remedies—he may return the article and recover the price paid, or sell the article and recover damages in an action on the warranty.   Fairfield v. Madison Manuf'g

Co. 38 Wis. 346; Boothby v. Scales, 27 Wis. 638; Bannell v. Jacobs, 36 Wis. 59; Sedwick on the Measure of Damages, vol. 1, p. 604.

3d.　The defendant having given notice to plaintiffs where the machine was deposited subject to their order, might recover back the money he had paid the same as though he had returned the machine to them.　Rutler v. Blake, 2nd Harris & Johnson, 353; 3 Am. Dec. 550.

4th.　The new trial should be refused where there is evidence, supporting verdict.　Oleson v. Tolford and another, 37 Wis. 327.

We fail to see how the doctrine of *res judicata* applies to this case.

HUDSON, J.　This action was brought in the court below to recover upon two promissory notes executed by the respondent to the appellant.　The defendant (respondent here) in his answer admits the execution and delivery of the notes, but alleges as a counter claim that said notes, with two others, were given for and in consideration of one ten horse power threshing machine, known as the "J. I. Case Eclipse," of the manufacture of 1877, theretofore sold and delivered to the defendant under a representation and warranty by the plaintiff at the time said machine was sold to the defendant.　Said warranty was in writing, and is as follows:

"The above machine is warranted, with proper usage, to do as good work in threshing and cleaning grain as any other made in the United States, and to be of good materials, and durable, with proper care.　If the above machine will not bear the above warranty after a trial of two weeks, written notice shall be given to J. I. Case & Co., or the agent of whom purchased, stating wherein it fails to satisfy the warranty, and reasonable time shall be given J. I. Case & Co. to send a competent person to remedy the difficulty; the purchaser rendering necessary and friendly assistance.　If the machine cannot be made to fill the warranty, it is to be returned by the purchaser to the place where received, and another substituted therefor, that shall fill the warranty, or the money and notes be immediately returned.

In consideration whereof, the undersigned agrees to receive the same on arrival, and to pay freight and charges, and also, on delivery, to pay to your agent the sum of six hundred and fifty-three dollars, as follows: Cash, $——in hand on delivery, and notes with approved security as follows, said notes to draw ten per cent. interest per annum from date until paid: Note for $100, due January 1, 1878; note for $200, due November 25, 1878; note for $200, due November 25, 1879; note for $153, due November 1, 1880.

GEO. W. VENNUM,

Jamestown, Stutsman County, Dakota.''

The defendant further alleges that ''he then accepted said machine for the purpose of threshing a large quantity of grain owned by himself, and also to use in threshing the grain of any one who might desire the services of said machine; and that he, the said defendant, accepted said machine, trusting implicitly in said representations and warranty of the plaintiff—all of which the plaintiff well knew; that the same was not the kind and quality of machine purchased, nor such as it was warranted to be by the plaintiff as aforesaid, nor would it answer the purpose designed, in this: that, contrary to said warranty, said machine would not do good work, would not thresh any kind of grain clean or in a workmanlike manner, etc.; ''that the defendant, upon discovery that the said machine was not such as it was warranted to be as aforesaid, offered the same to the plaintiff, and notified the plaintiff where said machine could be found and was being held subject to plaintiff's order, and demanded of the plaintiff that his said notes be returned to him, the defendant; and said defendant alleges that said machine is still held by him for the plaintiff—all of which the plaintiff had notice. Wherefore, defendant demands damages in the sum of six hundred dollars.''

There is no allegation in the answer, nor does the testimony show, that the defendant complied with and performed the concurrent obligations imposed upon him by the terms of the warranty. It does not appear that, after a trial of two weeks, the defendant gave notice in writing to J. I. Case & Co., or to

the agent of whom the machine was purchased, stating that the machine did not bear the above warranty, and stating wherein it failed to satisfy the warranty. The only evidence tending to that point was given by the defendant himself. His testimony is to the effect that he got the machine in the fall of 1877, and was with it while it worked that harvest every day; that in each harvest up to 1880 it had worked a couple of months. The defendant testifies that the machine worked badly, and in the winter of 1878 and 1879 he notified Mr. Benton, who had the notes for collection, and notified the company by letter, that he could not make the machine work, but did not say when, and that he told Mr. White, the attorney of the company, of the condition of the machine, and that "the machine was in his barn subject to their order, the same as he had written them;" that he paid one note on the condition that they agreed to repair· the machine by sending him the parts that were defective; that he had paid something before, and paid $100 the next year; that they sent some repairs, that he afterwards let the machine to Mr. Joos to run during threshing through the county; that he notified the plaintiff in the fall of 1878,⚹that he was holding the machine subject to their order; that he thought the first season that he could not make it work, but he expected to go on and pay for it then. This is the only way the defendant claims that he attempted on his part to comply with the warranty. He says that he subsequently paid the second note after judgment had been obtained on it. He does not pretend that he returned the machine to the place where it was received, or offered to, as required by the warranty.

It is a fundamental principle of law, that has never been departed from by any respectable court, that when the obligations of an express warranty are concurrent, either who seeks to enforce the obligations of the other must prove performance on his part, or an offer to perform. Abb. Tr. Ev. 313; Dunham v. Pettee, 8 N. Y. 508; Nichols v. Knowles, 18 N. W. Rep. 413; Wendall v. Osborne, Id. 709; Warden v. Sycamore Harvester Co. 7 N. W. Rep. 756.

The warranty was in writing. The terms of it must control. Whatever that warranty is, it must be kept by both parties. If the plaintiff did not keep and perform its part of the contract—in other words, if the machine did not work according to the warranty,—then the defendant had his rights under it; and after a trial of two weeks, and after giving written notice to the plaintiff or its agent, stating wherein it failed to satisfy the warranty, and allowing the plaintiff time to remedy the difficulty, then, if it did not fill the warranty, the defendant could have returned it to the place where received, and have another machine substituted, or the money and notes returned. These conditions were not performed within the letter and spirit of the contract. No act seems to have been done in that direction for at least one year after the purchase. The defendant treated the transaction, for a longer time than that, as a complete sale of the property, having in the mean time acknowledged his liability on the notes, and paid on them the sum of $315. It was then to late to make the defense which was set up. After this acceptance and use of this machine for so long a time by the defendant, and this payment on his notes he was estopped from rescinding the contract, or recovering damages upon it; his mouth was closed, his day of grace had passed. Webster v. Phœnix Ins. Co., 36 Wis. 67; Abbott v. Johnson, 2 N. W. Rep. 332; Nichols v. Hail, 4 Neb. 210; Miller v. Nichols, 5 Neb. 476; Pitts Sons' Manuf'g Co. v. Spitsnogle, 6 N. W. Rep. 71; Bayless v. Hennessy, Id. 46.

It would work great injustice if the purchaser is at liberty to disregard the terms of the contract which he subscribes to, and is permitted, under such a warranty, through his own mere whim or caprice, or for any cause, after a continued use of the machine, to deposit it in his barn, and, by notifying the vendor that it did not fill the warranty, and is subject to his order, to escape responsibility. To guard against this injustice was the intent of this contract. The judgment of the purchaser was not to settle the working qualities of this machine; that was a question that could only be determined by persons chosen by

the vendor, skilled in machinery; the vendor reserved the right to have it so settled and determined; but, after he had exercised such right, if the machine still failed to fill the warranty, then the plaintiff must take the responsibility, and not till then. It appears from this record that, on the trial in the court below, the question of a breach of warranty by plaintiff was submitted to the jury. This was proper, but the jury were told to consider the evidence—to see whether the defendant had substantially complied with the conditions on his part. This would also have been proper if any evidence had been given fairly tending to show that he had complied; but there was no such evidence; the defendant did not pretend that he had complied; therefore it was an error to submit that question to the jury; the jury should have been directed to find for the plaintiff. It by no means follows that, though the proof showed that the machine did not work as it was warranted, the defense was made out. This is not like the general warranty on the sale of goods, where no duty is especially devolved upon the purchaser by the terms of the warranty. In such case, if the goods are not as warranted, and not suited to the purpose for which they were purchased, a different rule obtains.

It follows, from these views, that the judgment of the court below must be reversed.

All the justices concur.