## Webster v. The Continental Ins. Co.

1. **Insurance:** PLEADING WAIVER OF PROOFS OF LOSS: MOTION TO MAKE MORE SPECIFIC. Where one seeking to recover upon a policy of insurance pleads that the company has waived the proofs of loss required by the policy, he should, upon a proper motion, be required to state whether the alleged waiver was oral or in writing, and by what officer or agent of the company it was made.

*Appeal from Audubon Circuit Court.*

TUESDAY, DECEMBER 8.

ACTION on a policy of insurance against loss or damage by fire and lightning. Trial by jury. Verdict and judgment for the plaintiff. The defendant appeals.

*R. W. Barger,* for appellant.

*J. L. Stotts* and *Griggs, Brainard & Griggs,* for appellee.

SEEVERS, J.—In the fourth division of its answer, the defendant pleaded as a defense that it had not been furnished with the proofs of loss required by the terms of the policy. To this defense the plaintiff filed a reply, and therein pleaded —*First,* that all the proofs required by the laws of Iowa had been furnished, as shown by the petition; and, *second,* that the defendant waived further proofs than such as had been furnished. The defendant filed a motion, asking that the reply be made more specific, and the plaintiff be required to state—*First,* whether the waiver pleaded was oral or in writing; and, *second,* what officer or agent of defendant waived or undertook to waive the same, and for cause, in substance, stated that the defendant could only act through its officers or agents, and that it had many such in its employ, and that it was impossible, from the reply, to determine by what officer or agent the waiver pleaded and relied on was

made.   The first ground of the motion was sustained and the second overruled.   We think the court erred in not sustaining the entire motion.

The defendant can alone act through its officers and agents, and it is a well-known fact that insurance companies have many such.   Now, a valid and sufficient defense was pleaded, to avoid which the plaintiff pleaded that such defense had been waived by the defendant.   It is evident that this was done by some officer or agent.   The defendant could not reasonably be expected to know what officer or agent had done so.   The plaintiff did; for, if there was a waiver, the plaintiff must necessarily know who made it, just as certainly as he knew whether it was in writing or not.   The defendant, in order to be fully prepared to successfully controvert the waiver pleaded by the plaintiff, must be prepared at the trial to produce the evidence of every officer or agent of the company who had authority to make such waiver.   This is asking too much of any litigant.   Common fairness in making up the issues, we think, requires that the plaintiff should state who made the waiver relied on to avoid the defense pleaded.   There are several other questions in the case which, in the view we have taken, we deem it unnecessary and possibly improper to determine.

REVERSED.