MCCORMICK HARVESTING MACHINE COMPANY v. M. K. HARTMAN.

[FILED NOVEMBER 10, 1892.]

</div>

Action on Notes Given for Harvesting Machine: GUAR-
    ANTY: WEIGHT OF EVIDENCE.  *Held,* That the testimony failed
    to show a substantial compliance on the part of the defendant
    with the terms of the guaranty proved, and that the verdict
    was against the clear weight of evidence.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Hewett & Olmstead,* for plaintiff in error.

*S. H. Smith, B. F. Smith,* and *C. H. Tanner, contra.*

MAXWELL, CH. J.

On the 13th day of August, 1889, the plaintiff in error filed his petition in the court below, claiming judgment on four promissory notes given to the plaintiff in error by the defendant in error and dated July 3, 1883; one due October 1, 1883; two due October 1, 1884; and one due October 1, 1885, for the purchase price of a McCormick harvesting machine, each note being set up as a separate cause of action.

The answer thereto filed by the defendant in error admits the execution of the notes as described, pleads the statute of limitation as to the first ground of defense, and alleges as a general defense a failure of warranty of plaintiff for said machine, in this, that "the said machine was not a first-class machine and would not do good work, and the plaintiff, after being notified, failed to make it do good work, and that during the months of July, August, and September, 1883, defendant repeatedly notified plaintiff by mail, at its general office, and their local agent in person, that said machine would not do good work, and that if plaintiff could not make said machine do good work he (defendant) would not pay said notes, and that said machine was subject to their (plaintiff's) order, according to the terms of said notes. Plaintiff has failed to make good its representation and warranty."

The reply is a general denial of new matter in the answer.

On the trial of the cause the jury returned a verdict for the defendant in error, and a motion for a new trial having

McCormick v. Hartman.

been overruled, judgment was entered on the verdict dismissing the action.

The principal ground of error is that the verdict is against the evidence.

The testimony shows that the defendant purchased the machine of one Charles Stone at Hastings. The defendant in his testimony, in answer to a question by his own attorney as to the guaranty, said: "Well, he guaranteed the machine to do good work in every respect," and on cross-examination testifies: "It was guaranteed to do good work in all respects." He also states that he signed a contract which was lost, but the proof clearly shows was on a printed form, of which the following is a copy:

"These machines are all warranted to be well made, of good material, and durable with proper care. If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and his payment (if any has been made) will be refunded. Continuous use of the machine, or use at intervals through harvest season, shall be deemed an acceptance of the machine by the undersigned."

The latter warranty is the only one established by the proof.

The defendant testifies in regard to the machine as follows:

Q. When the machine run, and it took an extra team, it elevated the grain?

A. Yes, sir.

Q. The principal fault of the machine was that it pulled hard?

A. Yes, sir, and wore out fast.

Q. Anything the matter with the frame?

A. It was crooked.

Q. Did you ever ask for another?

A. There was one sent to Stone.

Q. Did you ever call there for it:

A. No, sir.

Q. Did you ever try to take advantage or claim your rights under the guarantee from Stone?

A. I told him I would not keep the machine.

Q. You cut grain the first year?

A. Yes, sir.

Q. And the second year?

A. Yes, sir.

Q. And the next year?

A. No, sir.

Q. You rented your farm that year

A. Yes, sir.

The frame of the machine seems to have been twisted, probably from exposure to the weather, so as to be out of line. This caused it to run hard. He continued to use the machine, however, and made no attempt to comply with the only guaranty proved. It will be seen that there was no attempt on the part of the defendant to comply with the conditions of purchase; he continued to use the machine for two years, and when a new frame was sent to him permitted it to remain in the agent's hands. The testimony fails to show good faith on his part or a compliance with the terms of the warranty.

The judgment is against the clear weight of evidence, and is set aside, and a new trial granted and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.