(December 12, 1901.)

## MURPHY v. RUSSELL & CO.

### [67 Pac. 421.]

CONSTRUCTION OF CONTRACT.—A threshing-machine outfit was sold by R. & Co. to M., upon a conditional warranty containing the following clause, to wit: "Continued possession or use of the machinery for six days shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned [the purchaser], who agrees thereafter to make no further claim on R. & Co., under the warranty." Said contract also provided that written notice of defects must be given to R. & Co. *Held,* that if M. had possession of said machine for more than six days

without giving the notice required by said contract, that he waived all claims for damages on R. & Co. under said warranty. The failure to give the stipulated notice was an acceptance of the machine, and a waiver of damages for defects.

CONTRACT.—The law that requires the seller to keep and perform his part of the contract equally requires the purchaser to perform his part thereof.

WITHDRAWAL OF CROSS-COMPLAINT AND FILING OF AMENDED DEMUR-RER.—The provisions of section 4229 of the Revised Statutes vests a very large discretionary power in the trial court, and is sufficient on a proper showing, to authorize the court to permit the withdrawal of an amended cross-complaint, and file an amended demurrer to the complaint.

PROCEDURE UNDER SECTION 3397 OF THE REVISED STATUTES.—Under the provisions of section 3397 of the Revised Statutes, the action is commenced by filing a complaint in substantial compliance with the provisions of section 4168 of the Revised Statutes, and the subsequent pleadings must substantially conform to the requirements of the provisions of the Code of Civil Procedure for pleadings in civil actions.

SUBPOENA DUCES TECUM.—A subpoena *duces tecum* is the usual means of compelling the production of papers to be used in the trial of a case.

INCONSISTENT DEFENSES.—Under the provision of section 4187 of the Revised Statutes, the defendant is permitted to set forth in his answer as many defenses and counterclaims as he may have, and such defenses may be, to a certain extent, inconsistent with each other, but must not be so inconsistent that the proof of one would necessarily disprove the other. This action, in reality, is intended as a defense against the foreclosure of a chattel mortgage.

MOTION TO STRIKE OR TO COMPEL ELECTION.—In a case of inconsistent causes of action, or defenses, a motion to strike or to require defendant to elect is the proper procedure.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Ben. F. Tweedy, for Appellant.

There can be no rescission of a contract of sale for a breach of a warranty when there is no fraud. *(Pierce v. Wilson,* 34 Ala. 596; *Foster v. Gressett,* 29 Ala. 393; *Blen v. Bear River etc. Water Min. Co.,* 20 Cal. 602, 81 Am. Dec. 132; *Soper v. Sevens,* 14 Me. 133; *Fairis v. Ware,* 60 Me. 482; *Perkins v.*

*Bailey,* 89 Mass. 61, 96 Am. Dec. 689; *Hoopes v. Strasburger,* 37 Md. 390, 11 Am. Rep. 538; *Poor v. Woodburn,* 25 Vt. 234; *Mauchan v. Noys,* 52 N. H. 232; *Kinney v. Kierman,* 2 Lans. 492; *Haitze v. Collins,* 46 Pa. St. 268; *Short v. Stevenson,* 63 Pa. St. 95; *Downer v. Smith,* 32 Vt. 1, 76 Am. Dec. 148; *Gates v. Bliss,* 43 Vt. 299; 1 Wheaton on Contracts, sec. 282; *Milliken v. Skillings,* 89 Me. 180, 36 Atl. 17; *Rogers v. Hanson,* 35 Iowa, 283; *Wright v. Howell,* 35 Iowa, 288; *McCormick Harvesting Machine Co. v. Cochran,* 64 Mich. 636, 31 N. W. 561.) When a seller fails to remedy defects in a contract requiring it, the contract of sale for the breach of the warranty may be rescinded. (*Seiberling v. Brauer,* 24 Neb. 510, 39 N. W. 591; *McCormick Mach. Co. v. Knoll,* 57 Neb. 790, 78 N. W. 394; *Aultman-Taylor Co. v. Fraizer,* 5 Kan. App. 202, 47 Pac. 156; *Pitts Sons Mfg. Co. v. Spitznogle,* 54 Iowa, 36, 6 N. W. 71.) To be able to claim the contract remedy, Mr. Murphy must perform the precedent conditions and give notice of defects. (*Seiberling & Co. v. Rodman,* 14 Ind. App. 460, 43 N. E. 38; *Springfield Engine Co. v. Kennedy,* 7 Ind. App. 502, 34 N. E. 856.) If one party to a contract refuses to be bound the other can take advantage of the refusal and rescind the contract. (*Allen v. Webb,* 24 N. H. 278; *Drake v. Goree,* 22 Ala. 409; *Graves v. White,* 87 N. Y. 463; *Lewis v. White,* 16 Ohio St., 444; *Preble v. Bottom,* 27 Vt. 249; *Allen v. Webb,* 24 N. H. 278; *Webb v. Stone,* 24 N. H. 282.) The purchaser has a right to try and test machinery where it is provided that notice of defects must be given. (*Seiberling & Co. v. Rodman,* 14 Ind. App. 460, 43 N. E. 38; *Springfield Engine Co. v. Kennedy,* 7 Ind. App. 502, 34 N. E. 856; *Malsby v. Young,* 104 Ga. 205, 30 S. E. 854.)

I. N. Smith, for Respondents.

A court of equity will not interfere "to decree the cancellation of a written instrument unless some special circumstance is shown to exist establishing the necessity of a resort to equity to prevent irreparable injury." (*Ada County v. Bullen Bridge Co.,* 5 Idaho, 79, 47 Pac. 818, 36 L. R. A. 367.) There is an inadequate remedy at law for all the ills that appellant is

"heir to" by virtue of an alleged wrong of the company. Therefore, equity will not interfere. (*Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71; *Morgan v. Kootenai County,* 4 Idaho, 418, 39 Pac. 1118; *Rogers v. Hays,* 3 Idaho, 597, 32 Pac. 259; Pomeroy's Equity Jurisprudence, sec. 914; Story's Equity, sec. 700a; *Lewis v. Tobias,* 10 Cal. 573, 18 Ency. of Pl. & Pr., pp. 805m, 806, cases 807, note 2; *Smith v. Sparrow,* 13 Cal. 596; Idaho Rev. Stats., sec. 4928.) Appellant made no offer to surrender the property, no attempt so to do, and never expressed a desire so to do, until after the foreclosure proceedings had been instituted. This is too late. There is no charge that the foreclosure proceedings were fraudulently instituted. The six day period of possession had passed. (*Cowen v. Harrington,* 5 Idaho, 329, 48 Pac. 1059; 18 Ency. of Pl. & Pr., pp. 835-837.) There is no showing that Russell & Co. are insolvent, nor that the company is threatening to dispose of the notes, nor that appellant has no adequate legal remedy. This is fatal. (18 Ency. of Pl. & Pr., p. 67; Story's Equity, sec. 700a; *Kahn v. Walton,* 46 Ohio St. 195, 20 N. E. 203; *Springport v. Bank,* 75 N. Y. 399; *Salmon v. Hoffman,* 2 Cal. 138, 56 Am. Dec. 322.) There is no fraud alleged in the sale. (18 Ency. of Pl. & Pr., pp. 813, 814.) There is no allegation that within six days' possession any notice whatever was given of any defects. That time is limited by the contract. Failure to give notice within that time made the retention of the property "conclusive evidence of the warranty being fulfilled, to the full satisfaction of the undersigned—appellant—who agrees thereafter to make no further claim on Russell & Co., under warranty." (*Humphries v. Carvalho,* 16 East, 45; *Elphrick v. Barnes,* 49 L. J. C. P. 698, 5 C. P. Davison, 321; *Wayers Heater Co. v. Mansfield,* 48 Vt. 378; *Butler v. School District,* 149 Pa. St. 351, 24 Atl. 308; *Spickler v. Marsh,* 36 Md. 222; *Delamater v. Chappel,* 48 Md. 244; *Prairie Farmer Co. v. Taylor,* 69 Ill. 440, 18 Am. Rep. 621; *Aultman v. Theirer,* 34 Iowa, 272; *Lynch v. Williford,* 57 Minn. 377, 59 N. W. 311 (where the purchaser did an act which disabled him from performance); Benjamin on Sales, sec. 595.) "The special remedy usually allowed in such contracts is

the privilege of returning the article, if it proves not to be as warranted, and receiving back the price paid. A failure to exercise the privilege within the time limited . . . . operates as a waiver of the special remedy, and limits the vendee to his ordinary remedy at law, etc." (*Birdsall v. Carter,* 11 Neb. 143, 7 N. W. 751; *Harrisburg Car Mfg. Co. v. Sloan,* 120 Ind. 156, 21 N. E. 1088; *Brown v. Russell,* 105 Ind. 46, 4 N. E. 428.) *Phelps & Bigelow Windmill Co. v. Piercy,* 41 Kan. 763, 21 Pac. 793, holds: "If a certain time is fixed by the contract within which it may be rescinded, failure to rescind within that time waives the right." (*Huerculese etc. v. Dodsworth,* 57 Fed. 566; *Stultz v. Coal Co.,* 131 Pa. St. 131, 18 Atl. 267; *Wendall v. Osborne,* 63 Iowa, 99, 18 N. W. 709, 710.) The original complaint was purely equitable; the amended complaint seeks to add thereto damages for breach of the very contract which appellant says does not exist. He elected to rescind. (*Baumgartner v. Volmer,* 5 Idaho, 340, 49 Pac. 729; 21 Ency. of Pl. & Pr., subject "Theory of Case," p. 649; 18 Ency. of Pl. & Pr., p. 791, note 2; *Alvarez v. Brannan,* 7 Cal. 504, 68 Am. Dec. 274; *Loaiza v. Superior Court,* 85 Cal. 30, 20 Am. St. Rep. 197, 24 Pac. 707; *Groppengiesser v. Lake,* 103 Cal. 43, 36 Pac. 1036; *Adams v. Reed,* 11 Utah, 480, 40 Pac. 720; Pomeroy's Rights and Remedies, secs. 568-573, inclusive—especially section 573, relating to election, where express contract is involved.)

SULLIVAN, J.—This action was brought, under the provisions of section 3396 of the Revised Statutes, to contest the respondents' rights to foreclose a chattel mortgage, and to contest the amount claimed to be due thereon.

The facts out of which it arose are substantially as follows: Russell & Co., of Massilon, Ohio, manufacturers and dealers in threshing machinery, had a local agency at Lewiston, Idaho, and through their agent there sold to the appellant a threshing outfit, consisting of a separator, wind-stacker, an engine, beltings, trucks, tanks, Jackson feeder, Jackson blocks, Cyclone auger-bagger, truck, and stacker, and all fixtures making a complete threshing outfit. All of this property was delivered

to the appellant at Lewiston, Idaho, and the purchase thereof was accompanied with a certain warranty as to the capability of the machinery performing the work for which it was intended.

Said warranty contains, among others, the following provisions: That all of the articles sold were of Russell & Co.'s manufacture, and with proper management capable of doing as good work as similar articles of other manufacturers, and it was also agreed, as a condition of said warranty, that the cylinder of said thresher should run at a minimum speed of one thousand revolutions, and not exceeding twelve hundred per minute. The contract remedy is stated as follows: "If said machinery, or any part thereof, shall fail to fill this warranty, written notice shall be given to Russell & Co., Massilon, Ohio, and the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity, and friendly assistance given to reach the machinery and remedy any defects. If the defective machinery cannot then be made to fill the warranty, it shall be returned to the undersigned, to the place where received, and another furnished on the same terms of the warranty, or money and notes to the amount represented by the defective machinery shall be returned, and no further claim made on Russell & Co. Defects or failure in one part shall not condemn or be grounds for claiming renewal or for the return of any other part." The contract also contains the following clause: "Continued possession or use of the machinery for six days shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned, who agrees thereafter to make no further claim on Russell & Co. under the warranty." Said personal property was paid for by promissory notes, secured by two mortgages, one on real estate, and the other on said threshing outfit. The property was delivered to the appellant on the fourteenth day of July, 1900. On the thirty-first day of July, 1900, the respondent Russell & Co. began foreclosure proceedings for the purpose of foreclosing said chattel mortgage, before the sheriff of Nez Perces county, Idaho, by virtue of the following provision contained in said chattel mortgage, to wit: "It is

agreed and understood by the parties hereto that the mortgagors may retain possession of said property at their own expense, and until any of the notes secured hereby become due, or until failure of any of the conditions herein expressed, using the property well and keeping the same in good repairs"; and "in case default shall be made in the payment of any of the notes herein described, . . . . or if said mortgagee, its successors or assigns, shall deem itself or themselves insecure, then, upon the happening of any of the said contingencies, the whole amount secured herein shall, at the option of said mortgagee, its successors, assigns, agents, or attorneys, without notice, become due and payable"; and further authorized foreclosure and sale thereof in the happening of such event.

Said machinery had been in the possession of appellant from July 14, 1900, to July 31, 1900. On the latter date foreclosure proceedings were instituted, through the sheriff, the respondents claiming that said promissory note had become due by the happening of the events above mentioned in said mortgage, which events are set up in the affidavit instituting such proceedings, and are as follows, to wit: "1. The said mortgagor has abandoned the machinery described in said mortgage to the elements, and has publicly stated that he would have nothing whatever to do with it, and threatens to and has left the same to be damaged and ruined by the elements. 2. That said machinery has been left absolutely without any protection whatever, and that the movable parts thereof are in great danger of being stolen or carried away, and the material value of such machinery thereby diminished, and its market value greatly deteriorated. 3. That he has not taken proper or any use or care thereof, and that by the misuse of the same to which he has subjected it the said machinery has been broken in parts, bolts have become loose, belts become loose, the belts thereon were improperly sewed, and by the loosening of the belts and bolts, and the lack of knowledge in handling the same, the working parts of the machine have been greatly and largely damaged and injured. 4. The said mortgagor has improperly used said threshing

machine, in that he ran a wagon wrench through it, and broke
the cylinder teeth and the concaves, and has further refused
to permit or suffer to be fixed the damage thus done. The
mortgagor has attempted to run the said machine in that con-
dition, and has further split the woodwork and three of the
steel lifting fingers therefrom, and has generally damaged the
said machinery in the short time he has run it, more than the
same would naturally by ordinary wear and tear thereof be
done for two seasons of use with reasonable care thereof. 5..
That said mortgagor has further stated that he would under
no consideration have anything further to do with the machinery; that he would never use it again; that his attorney
had advised him not to bother with it further; and that af-
fiant therefore says that it is the intention and design of the
said mortgagor to wreck and ruin the said machinery, to ren-
der it worthless, and the security of Russell & Co. worthless."

The affidavit referred to was delivered to the sheriff, and the
foreclosure of said chattel mortgage thereunder began. After
the required affidavit and notice of foreclosure had been served
upon the appellant, he served written notice of disclaimer in
and to said threshing outfit and machinery upon the sheriff,
and notified him to turn the said property over to Russell &
Co., claiming therein that he (the appellant) rescinded the
sale aforesaid. Thereafter, on August 2, 1900, appellant in-
stituted this action for the purpose of contesting the right of
the mortgagee to foreclose said mortgage and to contest the
amount due thereon.

The complaint contained two causes of relief, which were
in the nature of a release by rescission. Thereafter, a demur-
rer having been sustained thereto, the complaint was amended,.
setting forth three causes of action—one for general equitable
relief, and two for damages. The equitable relief was asked,.
first, by way of rescission, and then the amended complaint
again sought rescission as a specific remedy. To this com-
plaint respondents demurred, and thereafter answered and filed
a cross-complaint, and thereafter by leave of court withdrew
the answer and cross-complaint, and filed a motion to strike
and also filed an amended demurrer. Respondents also filed

a motion to compel the appellant to elect which of the two inconsistent causes of action or defenses to the foreclosure he proceed to trial upon, and appellant elected to proceed under the count which set up rescission. The amended demurrer was sustained as to the fourth count of the complaint, and the motion to strike was overruled. Thereafter respondents filed an answer and an amended cross-complaint, appellant demurred thereto, which demurrer was sustained, and judgment of dismissal entered, from which a separate appeal was taken by the respondents, and the opinion therein is reported in *Murphy v. Russell,* post, p. 151, 67 Pac. 427. The cause was then called for trial, and counsel for respondents moved to exclude all testimony and to dismiss appellant's complaint upon numerous grounds. Said motion was sustained, and judgment of dismissal entered dismissing the action. This appeal is from said judgment. Counsel for appellant relies upon five errors for the reversal of this case, and inserts them on the thirty-third and thirty-fourth pages of an exhaustive brief. If the errors assigned and argued in brief of counsel were inserted immediately after the statement of the case and just preceding the argument, such arrangement would be more convenient for the court.

Considerable stress by respective counsel is laid upon the construction of the provisions of the contract of sale above quoted, and it is necessary, at the outset, to determine the proper construction of those provisions in order to properly decide some, if not all, of the errors assigned. The contract is one of sale and warranty on the part of the respondents, and contains stipulations and promises on the part of the appellant, and under that contract their rights must be determined. That part of the contract which has been largely dwelt upon in argument by respective counsel is as follows: "Continued possession or use of the machinery for six (6) days shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the undersigned [the appellant], who agrees thereafter to make no further claim on Russell & Co. under the warranty." It is also agreed as follows: "If said ma-

chinery or any part thereof shall fail to fill the warranty, written notice shall be given to Russell & Co., Massilon, Ohio, and the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity, and friendly assistance given to reach the machinery and remedy any defect." It is contended by counsel for appellant that the true meaning of the provision, to wit, "Continued possession or use of the machinery for six (6) days shall be conclusive evidence," means that the appellant may use the machine for six days, and until he has done so his time to give written notice does not begin to run; that the word "possession" really means nothing as there used. While counsel for respondents contends that that provision means just what it says, to wit, "Continued possession or use of the machinery for six days shall be conclusive evidence that the warranty is fulfilled," and that as it is conceded appellant took possession of said machinery on the fourteenth day of July, 1900, and never served a written notice of defects, as required by said contract, he is precluded, under and by his own promises contained therein, from claiming any damages from Russell & Co. under said warranty. We think the provisions of said contract above quoted are too plain to require construction. Under them, six days' possession of said machinery (during which time the purchaser could use the same if he desired to do so) was conclusive evidence that the warranty was fulfilled to the full satisfaction of appellant. If he continued in possession six days without serving written notice of defects, as stipulated and agreed in said contract, he could make no further claim on Russell & Co. under the warranty. That was the express contract between the parties. No doubt said provision was inserted in said contract to require the appellant to proceed at once, after taking possession of said machinery and make the proper test, to determine whether it was in all respects as warranted, if he cared to do so. It was a reasonable provision if the time was of sufficient length to make the necessary test. If it was not, appellant should not have agreed that it was. It is well settled that, where property is delivered to the buyer on trial or approval, the title thereto

passes to him on the expiration of the time limited for trial. It is said in Tiffany on Sales, pages 91, 92: "If he' does not signify his approval or acceptance, but retains the goods without giving notice of rejection, it is generally held that the property passes on the expiration of the time limited for trial." Even-handed justice requires Russell & Co. to keep its promises, and it equally requires the appellant to faithfully keep his part of the agreement. It is a well-recognized rule of law that parties may, by the express terms of their contracts of sale, make the retention of the property without complaint, or a failure to give notice of defects to the seller within a certain time, conclusive evidence that the warranty is fulfilled to the satisfaction of the purchaser. (Mechem on Sales, sec. 1396.) In *Furneaux v. Esterly,* 36 Kan. 539, 13 Pac. 824, it is held that where a machine is sold upon a conditional warranty, which expressly provides that the purchaser shall have a certain time in which to test the machine, and if it fails to fulfill the warranty the purchaser shall give the seller written notice stating wherein it fails to avail himself of the benefits of the warranty, the purchaser must render substantial compliance with the agreement, and, if no written or actual notice was given, the warranty cannot be enforced against the seller. In that case the machine was purchased upon the following conditional warranty and agreement: "This machine is well made, of good material and, under proper management, is capable of doing first-class work; the purchaser agreeing to see that the machine is properly operated. The purchaser shall have one day to give it a fair trial, and, if it should not work well, he is to give written notice stating wherein it fails." After trial had been had the purchaser gave verbal notice to the local agent, and he sent a man to remedy the defect, and the agent residing at Kansas City, Missouri, sent several men for the same purpose, but they failed to make it work well. The purchaser kept the machine through two harvests, and then returned it. The court held that, having kept the machine beyond the time agreed to for the test, he could not return it, having failed to give the notice required by the written agreement. In *Palmer v. Banfiel,* 86 Wis. 441, 56 N. W. 1090, the

court said: "Defendant, to whom plaintiff had sold a harvest-ing-machine, to be paid for if it should prove satisfactory after using the machine for a day and a half, decided to return it for defects, but in order to finish his harvesting used it the next day, and then offered to return it. Held an acceptance by which defendant waived the right to return it." On the same point, see *Russell v. Murdock,* 79 Iowa, 101, 18 Am. St. Rep. 348, 44 N. W. 237. The contract there provided as follows: "If said machinery or any part thereof shall fail to fill the warranty within ten days of first use." The defendants claimed that the machinery did not comply with the warranty, and they did not return it or offer to return it until more than two years after that action was commenced, and did not give written notice of the failure of the machinery to comply with the warranty "within ten days of first use," as agreed, and held that defendants could not recover damages because of the failure of the machinery to comply with the warranty, for the reason that they did not give the notice in the time provided in the contract, and retained possession of the property after it should have been returned under the terms of the contract. In *Fahey v. Machine Co.,* 3 N. Dak. 220, 44 Am. St. Rep. 554, 55 N. W. 580, the doctrine of *Furneaux v. Esterly, supra,* is approved, and the necessity of the purchaser's full compliance with the provisions of the contract of purchase clearly set forth. The court says: "To recover, it was incumbent on the plaintiff to show that he had performed all the conditions precedent of the warranty to be performed on his part. This he did not do. Mere breach of the warranty did not entitle him to rely upon its promises. He must have taken action to hold the defendant to its warranty, after a breach. . . . . Failure to give such notice, it is provided, is conclusive evidence against the purchaser's right to rely upon the warranty. The same even-handed justice which requires the defendant to keep its promises demands of plaintiff that he perform his part of the agreement. Neither will it do to assert that notice to the company, in addition to notice to the agent from whom the machine was received, was of no value to the company. The plaintiff has foreclosed all inquiry

into that question by agreeing to give such notice. . . . . In this case notice was given to the agent, but no notice, either written or oral, was ever given to the company, as required by the warranty. . . . . The power to waive notice was not in fact vested in these experts, or any one of them. . . . . For the failure of the court in refusing to take the case from the jury on the ground that plaintiff had failed to comply with the condition of the warranty requiring written notice of the defect to be given to the company at their office in White-water, Wisconsin, the order denying a new trial is reversed, and a new trial is ordered." See, also, the following authorities bearing on the question under consideration: *Webster v. Continental Ins. Co.,* 67 Iowa, 393, 25 N. W. 675; *J. I. Case etc. Machine Co. v. Vennum,* 4 Dak. 92, 23 N. W. 563; *Wendall v. Osborne,* 63 Iowa, 99, 18 N. W. 709; *Bayliss v. Hennessey,* 54 Iowa, 11, 6 N. W. 46; *Staver v. Rogers,* 3 Wash. St. 603, 28 Pac. 906; *Machine Co. v. Hartman,* 35 Neb. 629, 53 N. W. 566; *Latham v. Bausman,* 39 Minn. 57, 38 N. W. 776.

By the agreement of the appellant above quoted, he had but six days after taking possession of said machinery in which to test the same, and serve written notice on Russell & Co., of any defects that the machinery contained, and if he failed to do so he agreed thereafter to make no further claim on Russell & Co. under the warranty contained in said contract of sale.

With this interpretation or construction of said quoted clauses of the contract, we shall proceed to apply it to the complaint of the appellant and to the contentions of respective counsel on this appeal.

The court permitted counsel for respondents to withdraw his answer to the amended complaint, and file an amended demurrer. That action of the court is assigned as error. It appears that counsel for respondents demurred to the amended complaint, and the demurrer was overruled. Thereupon an answer and cross-complaint was filed. Thereafter counsel for respondents made application to the court to withdraw the answer and cross-complaint, and for leave to file an amended demurrer, which application was granted, and the answer and

cross-complaint withdrawn, and a demurrer filed. The demurrer was sustained as to the fourth count of the complaint, and overruled as to the other counts. It is contended by appellant that an answer filed after demurrer is overruled waives all defects in the complaint, except those which may properly be taken advantage of on motion in arrest of judgment; citing *Pence v. Durbin,* 1 Idaho, 550, and *Burrows v. McCalley,* 17 Wash. 269, 49 Pac. 508. The rule laid down in those cases we do not question, and it was applicable to the case at bar had the answer not been withdrawn; but we think it is in the legal discretion of the court, on proper application, to permit a party to withdraw his answer and file an amended demurrer. The record fails to show that it was an abuse of discretion to permit the answer and cross-complaint to be withdrawn and an amended demurrer to be filed.

It is not competent for a party to interpose different demurrers to the same pleading, except by permission of the court; and where no objection is taken on either of the grounds enumerated in section 4174 of the Revised Statutes, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. (Rev. Stats., sec. 4178.) A very large discretionary power is vested in the trial court by the provisions of section 4229 of the Revised Statutes. Its provisions are broad enough to authorize the court to permit the withdrawal of an answer and cross-complaint, and to file an amended demurrer to the complaint.

The second error assigned is the overruling of appellant's motion to compel Russell & Co. to file the original affidavit in the chattel mortgage foreclosure proceedings, or to compel it to file a complaint setting up the right to a deficiency judgment, and facts showing the right to foreclosure of the chattel mortgage before the sheriff. This assignment involves the proper procedure in an action of this kind. Section 3397 of the Revised Statutes provides that the right of the mortgagee to foreclosure, as well as the amount claimed to be due, may be contested in the district court by any person interested in

so doing, and said section declares that an injunction may issue for that purpose. This section evidently contemplates an action in the district court. Under the provisions of our Code of Civil Procedure, actions are brought by filing a complaint. Section 4168 provides that a complaint must contain the title of the action, the name of the court and county in which the action is brought, and the names of the parties to the action. It must also contain a statement of the facts constituting the cause of action in ordinary and concise language, and a demand for the relief which the plaintiff claims. In the case at bar the statement of facts must be sufficient, if denied, to put in issue the right of the mortgagee to foreclose his mortgage, if it is intended to contest that point, and should also contain a statement of facts sufficient to put in issue the amount claimed to be due on such mortgage, if it is intended to contest that point. Upon the filing of the complaint a summons may be issued, and the defendant served and brought into court, and he is entitled to the statutory time for answering. After the complaint is filed upon proper application of the plaintiff and on filing of a proper bond, an injunction may be issued to restrain the sheriff from proceeding with the foreclosure until the further order of the court. But the action may be maintained without the injunction. As to the motion to compel the respondents to file in the trial court the original affidavit in the chattel mortgage foreclosure proceeding, we will say that section 3395 of the Revised Statutes provides that the sheriff, after making the sale under the foreclosure proceedings, must make a return of his doings therein upon the said affidavit, and file the same with the clerk of the district court of the county in which such foreclosure was made. And, as it is shown by the record that said sale was made long before said motion was heard, we presume the sheriff did his duty in making said return. The trial court would not be justified in making the desired order unless it was made to appear that respondents had said affidavit in their possession, and failed or refused to produce it upon demand being made therefor. A subpœna *duces tecum* is the usual

method of requiring the production of a paper on the trial of a case. The court did not err in overruling said motion.

Sustaining respondents' motion to compel the appellant to elect between the remedies of rescission and breach of warranty is the second error assigned. Relief is sought by the third count of the complaint on the ground of rescission of the contract, and by the fifth count relief is sought by way of damages for breach of said contract, and it is contended that said causes of action are inconsistent with each other, and for that reason the action of the court in compelling appellant to elect on which of said inconsistent causes of action he would proceed to trial was error. Under the provisions of section 4187 of the Revised Statutes, the defendant is permitted to set forth in his answer as many defenses and counterclaims as he may have, and to a certain extent those defenses may be inconsistent with each other, but such defenses must not be so inconsistent that the proof of one defense would necessarily disprove the other. (*Hollenbeck v. Clow*, 9 How. Pr. 289. See, also, *Baumgartner v. Vollmer*, 5 Idaho, 340, 49 Pac. 729.) In *Caldwell v. Ruddy*, 2 Idaho, 1, 1 Pac. 339, by our territorial supreme court it was held that objection to an answer that it contains inconsistent defenses cannot be made by demurrer, but may by motion to strike out or to require defendant to elect upon which he will stand. It is held in *Bell v. Brown*, 22 Cal. 671, that several defenses, inconsistent with each other, may, under proper circumstances, be set up in a verified answer, and, where the inconsistency arises by implication of law, being in the nature of pleas of confession and avoidance, as distinguished from denials; as, for instance, such defenses as setoff, counterclaim, discharge in insolvency, or bankruptcy, the statute of limitations, etc., in which matters in avoidance of the plaintiff's claim are set up, may be pleaded as separate defenses, but defenses that are so inconsistent with each other that the proof of one will necessarily disprove the other cannot be set up in the same pleading. The proof of rescission would necessarily disprove any and all damages for the breach of the contract and *vice versa*.

The record shows that there could have been no rescission, and also shows that no damages could be recovered because of defects in machinery under said written warranty. For those reasons, and the further reason that the averments and allegations contained in the complaint are not sufficient to put in issue the respondents' right to foreclose said mortgage or the amount claimed to be due on said mortgage indebtedness, there was no error in compelling the appellant to elect, and thereafter dismissing his complaint. Doubtless, if appellant had applied to the trial court to amend his complaint before the judgment of dismissal was entered, the court would have permitted him to do so. Under the proper construction of the warranty clause contained in said contract of purchase, as above indicated, the plaintiff cannot recover any damages because of defects in said machinery, for the reason that he failed to give notice of such defects within the stipulated time. That being true, no substantial right of the appellant was affected by compelling him to elect on which of said causes he would proceed to trial, conceding that it was error to compel him to do so. The failure to give notice of defects or return the machinery within the time agreed upon made the sale absolute, and it was then too late to rescind. After appellant had elected to go to trial on the count of the complaint alleging rescission, it was not error to sustain respondents' motion to dismiss appellant's action on the several grounds stated in the said motion. The complaint shows no ground for equitable interference or relief, and, if it be true that appellant has suffered damages by reason of the respondents taking possession of said machinery in the foreclosure proceedings before the sheriff, appellant may set up such damage as a defense or partial defense in the action to foreclose the real estate mortgage, or, in case that action is not prosecuted to a final determination, by a separate action for damages.

Under the provisions of subdivision 2, section 4168, of the Revised Statutes, the complaint, whether in actions at law or suits in equity, must contain a statement of the facts in ordinary and concise language; and section 1, article 5, of the constitution of Idaho, provides that the distinctions between

actions at law and suits in equity, and the forms of all such actions and suits, are prohibited, and that there shall be but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a "civil action." Under said provision a great change has been made in the forms of pleadings, and the common-law distinctions between actions at law and suits in equity; as, under our practice, relief at law and equity may be granted in the same action, and the technical forms of common-law pleadings are abolished, and all that is now required in the complaint, so far as the facts are concerned, is a statement of them in ordinary and concise language. Since the enactment of our Code of Civil Procedure and the section of the state constitution above cited the question is not whether the plaintiff has a legal right or an equitable one, or the defendant a legal or equitable defense against plaintiff's claim, but whether, according to the whole law applicable to the case, the plaintiff makes out the right which he seeks to establish, or the defendant shows that the plaintiff ought not to have the relief sought. In our system of procedure a single court has jurisdiction both in law and in equity, and administers justice in one common form of procedure, and of necessity the two jurisdictions, to a large extent, are blended, and both legal and equitable relief may be granted in the same action. If the pleader in his complaint state the facts in ordinary and concise language, and those facts, if proved, entitle him to any relief whatever, whether legal or equitable, or both, the courts of general jurisdiction of this state have jurisdiction to grant him such relief. The complaint under consideration fails to state facts sufficient to put in issue the facts whether said chattel mortgage was due at the time the foreclosure thereof was begun or the amount due, and for that reason the court did not err in dismissing said complaint.

As the record contains no prejudicial error, the judgment must be affirmed, with costs in favor of respondents.

Quarles, C. J., and Stockslager, J., concur.