(May 26, 1923.)

J. D. WHITSON, J. B. WHITSON and JOHN ANACABE, Copartners Doing Business Under the Firm Name and Style of WHITSON BROTHERS, Respondents, v. PACIFIC NASH MOTOR COMPANY, a Corporation, Appellant.

[215 Pac. 846.]

UNAMBIGUOUS WRITTEN CONTRACT—CONSTRUCTION OF—SUBMISSION TO JURY—INCONSISTENT CAUSES OF ACTION—ELECTION.

1. If a written contract, clear and unambiguous in its terms, is relied upon by plaintiffs to establish the relationship of principal and agent between defendant and another, the construction of such contract is for the court, and it is error to submit to the jury the question of whether or not such contract creates the relationship of principal and agent.

2. In this case, action for damages for breach of contract of warranty of truck was so inconsistent with action for return of the purchase price, after an attempted rescission of the contract of sale, that the trial court should have sustained defendant's motion to require plaintiffs to elect upon which cause of action they would stand.

3. *Held*, that there is a total lack of evidence to sustain the claim that respondents purchased the truck in question from appellant.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. H. F. Ensign, Judge.

Action on contract.  Judgment for plaintiffs.  *Reversed.*

Richards & Haga, for Appellant.

Where a distributor of trucks enters into a contract with a dealer under which it is agreed that the distributor shall sell certain trucks to the dealer at a certain price, which is the list price minus a certain discount; that the trucks shall be paid for upon delivery, sight draft being attached to the bill of lading; that the dealer sell the trucks within a certain territory and appoint certain subdealers as therein provided; that the responsibility for loss or damage shall be upon the dealer when the trucks are delivered to the common carrier; that the dealer shall make no warranties or representations of any kind other than contained in the agreement, and that the dealer is not authorized to act as agent for the distributor nor to transact any business, incur obligations or make any promise or representation for the distributor—the relationship between such distributor and dealer is that of vendor and purchaser and not principal and agent. (Huddy on Automobiles, 6th ed., p. 1008; *Banker Bros. v. Pennsylvania,* 222 U. S. 210, 32 Sup. Ct. 38, 56 L. ed. 168; *Watson v. Oregon Moline Plow Co.,* 113 Wash. 110, 193 Pac. 222; *Maxwell Motor Sales Co. v. Louwein* (Okl.), 174 Pac. 260; *W. T. Rawleigh Co. v. Van Duyn,* 32 Ida. 767, 188 Pac. 945; *Heywood Bros. & Wakefield Co. v. Doernbecher Mfg. Co.,* 48 Or. 359, 86 Pac. 357, 87 Pac. 530; Berry on Automobiles, sec. 1440; *Barnes v. Maxwell,* 172 Ky. 409, 189 S. W. 444; *Vosbury v. Mallory,* 75 N. Y. Supp. 489, 70 App. Div. 247; *Bendix v. Staver Carriage Co.,* 174 Ill. App. 589; *Piper v. Motor Co.,* 94 Vt. 211, 109 Atl. 911; *Alpha Checkrower Co. v. Bradley,* 105 Iowa, 537, 75 N. W. 369; *Granite Roofing Co. v. Casler,* 82 Mich. 466, 46 N. W. 728; *Mack v. Drummond Tobacco Co.,* 48 Neb. 397, 67 N. W. 174.)

Where a written contract between a distributor and dealer constitutes the basis of the relationship between them, it is the duty of the court to determine whether such relationship

is that of vendor and purchaser or principal and agent, and it is error to submit the construction of such written contract to the jury. (*W. T. Rawleigh Co. v. Van Duyn*, 32 Ida.. 767, 188 Pac. 945; *Green v. Soule*, 145 Cal. 96, 78 Pac. 337; Mechem on Agency, sec. 50; 23 R. C. L. 1331.)

Where it is sought to rescind a contract and also sue for damages for the breach of the same, it is the duty of the court to compel an election between such inconsistent causes of action. (*Murphy v. Russell & Co.*, 8 Ida. 133, 67 Pac. 421; Berry on Automobiles, p. 1265; *United States v. Behan*, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. ed. 168.)

Where action is brought based on a breach of warranty made through an alleged agent of a distributor, and proof is offered as to the agent's authority, the warranty must be limited to that contained in such authority, and any statements by the agent relied on as a warranty must have been made contemporaneously with and as a part of the contract of sale. (Berry on Automobiles, sec. 1397.)

J. G. Watts, for Respondents.

An agency existed between the appellant and John W. Morton under the terms of the contract, Exhibit "A." (*Farnum v. Akron Tyre Co.*, 98 Wash. 484, 167 Pac. 1081.)

"It is said that an agency within the meaning of the automobile trade consists in giving to the agent the right to purchase from the manufacturer machines at a discount from the list price, and to retail them to customers within specified territory at the full list price." (*Studebaker Corporation v. Hanson*, 24 Wyo. 222, 157 Pac. 582.)

"He was none the less an agent because of his appointment as exclusive vendor of the defendant's machines within a particular territory, or because of the restrictions imposed upon him." (*Wilcox & Gibbs Sewing Machine Co. v. Ewing*, 141 U. S. 627, 12 Sup. Ct. 94, 35 L. ed. 882.)

DUNN, J.—In this case respondents set up two causes of action: The first for the return of the purchase price of a

Nash truck, pursuant to an attempted rescission of the sale contract; and second, for damages to their business as sheep-raisers in the sum of $1,000 by reason of the failure of said truck to do satisfactory work. The first cause of action is based upon the claim that appellant sold the truck to respondents and "guaranteed the said truck to be in good working order, free from any defects and capable of performing the work for which plaintiffs desired the same."

At the opening of the trial appellant moved the court to require respondents to elect upon which cause of action they would proceed, on the ground that said causes were so inconsistent that both could not be maintained in the same action. This motion was denied. At the close of respondents' case appellant moved for a nonsuit, which the court denied. After submitting its testimony in support of its defense appellant moved the court for a directed verdict in its favor. This motion the court also denied.

The court erred in denying motion to require respondents to elect. If they were entitled to maintain an action for the recovery of the purchase price, they could not at the same time maintain an action for damages to their business by reason of the defects in the truck, for by claiming such damages they affirmed the contract of sale. (*Murphy v. Russell & Co.*, 8 Ida. 133, 67 Pac. 421.)

There was a total failure of proof of a sale of the truck by appellant to respondents. All the evidence upon that point showed conclusively a sale by one John W. Morton to respondents. Respondents offered in evidence in support of their claim the written contract between appellant and John W. Morton, which was simply an agreement to give Morton the exclusive right to purchase Nash automobiles and trucks and sell them in certain designated territory within this state. This contract expressly denied any authority whatever to Morton to act as agent for appellant, in the following language:

"That the second party is not authorized or empowered to act as agent for first party; or for The Nash Motors Company; nor to transact business, incur obligations, or bill

goods in their name, or for their account; nor on their behalf to make any promise, warranty or representation with respect to goods or any other matter; and that these parties shall not be bound by the acts or conduct of the second party."

Neither this contract nor any evidence offered by respondents showed any authority upon the part of Morton to make for appellant the guaranties set out in the complaint, and there is no evidence whatever that Morton made such guaranties or attempted to make them. In this situation the trial court should have held that there was no evidence to support the claim of respondents and should have granted the nonsuit. Not having done so, it should have directed a verdict for appellant at the close of the case.

The evidence also shows that after the attempted rescission of the contract by delivering the truck to Morton, a mechanic in the employ of appellant stopped at Mountain Home and put the truck in condition to give satisfactory service, and that respondents tried it and were willing to accept the return of it provided appellant would pay the costs and attorney fees that had been incurred in bringing this action. Even if a sale by appellant and the contract of guaranty alleged had been satisfactorily shown, it seems to us exceedingly doubtful whether this action could be maintained in the face of this admitted fact.

It is clear, however, from the record that respondents have no cause of action against appellant. The judgment is therefore reversed, and the trial court directed to dismiss the action. Costs to appellant.

Budge, C. J., and Wm. E. Lee, J., concur.